COCKERILL, *Trustee, Appellant,* v. STAFFORD.

1. **Tax Sale:** MORTGAGOR'S RIGHT OF REDEMPTION: ACCRUAL OF ACTION. The right of action of a mortgagor, who was not made a party to a tax suit, to redeem from the purchaser at the tax sale, does not accrue until such sale, or until the purchaser has taken possession of the premises.

2. **Mortgage:** ADVERSE POSSESSION BY MORTGAGEE. Ten years' adverse possession of the mortgaged premises by a mortgagee is necessary in order to confer the title upon him.

3. **Tax Sale:** REDEMPTION. A purchaser under a deed of trust, who was not made a party to the tax suit, has the right to redeem from the purchaser at the sale.

4. **Mortgage:** ADVERSE POSSESSION. The rights of a mortgagee become adverse to the mortgagor only when his possession of the mortgaged premises becomes adverse.

5. ———: ———: LIMITATION. The relation of mortgagor and mortgagee is generally terminated as against the mortgagor when the mortgagee takes possession of the mortgaged premises, and from that time the statute of limitations begins to run.

6. **Practice:** ABANDONED DEFENSE. A defense which has been expressly abandoned will be regarded as never having been made.

7. **Pleading:** INDEFINITENESS. Objection to pleading because of indefiniteness ( *e. g.,* failure to state the *time* when a deed was filed of record) should be made by special demurrer or motion to make more definite and certain.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*T. Shackelford* and *H. W. Cockerill* for appellant.

( 1 ) The beneficiary in a deed of trust, if not made a party to the tax suit, has a right to redeem. *Stafford v. Fizer,* 82 Mo. 393; *Connell v. Gray,* 85 Mo. 169; *Gitchell v. Kreidler,* 84 Mo. 472; *Meyer v. Bassett,* 84

Mo. 479. (2) It is claimed by defendant that, so far as the record in Saline county showed, the deed of trust was barred by the statute of limitation. But the petition showed that a judgment had been rendered on the note in Howard county, and hence the debt was not barred. The deed of trust being an incident to the debt, when the debt is not barred, the deed of trust is in full force. If a deed of trust was barred in cases of this kind, then partial payments on a note would not save a bar against a deed of trust; even the taking of a new note does not release the deed of trust. *Lippold v. Held*, 58 Mo. 213; *Thornton v. Irwin*, 43 Mo. 153; Hill on Mortgages [4 Ed.] 476, and notes. The case of *Bush v. White*, 85 Mo. 339, does not sustain the position of defendant, because the judge, on page 360, decided that limitation runs because there was no act to prevent its running, and this case sustains plaintiff's views. (3) As to diligence required of purchaser in cases of sale, see *Lee v. Clark*, 89 Mo. 552. (4) The position assumed by defendant, that the purchaser is only bound to look at the record of deed of trust, is untenable, because it reverses the ordinary rule of law referred to above, which makes the deed of trust an incident to the debt secured. *Nelson v. Hankins*, 60 Mo. 550; *Anderson v. Baumgartner*, 27 Mo. 80; *Mitchell v. Ladeu*, 36 Mo. 526. (5) It is alleged in petition that, in the former ejectment suit, the plaintiff set up, as a defense, the right to redeem, but it is expressly stated, and the fact is apparent, that this defense was inconsistent with the legal defense which called in question the validity of the tax sale, and was expressly withdrawn. Hence there is no former recovery, because not tried on the merits. *Spradly v. Conway*, 51 Mo. 51; *Verhein v. Schultz*, 57 Mo. 326; 3 Mo. App. 315. (6) The defense is not barred by laches. *White v. Pendry*, 25 Mo. App. 542; *Butler v. Lawson*, 72 Mo. 227; *Spurloch v. Sproule*, 72 Mo. 503.

Cockerill v. Stafford.

*Wm. D. Bush* and *Samuel Davis* for respondent.

(1) The mortgage was barred by the statutes of limitation at the time of the defendant's purchase at the tax sale, and had ceased to be a lien. *Adair v. Adair,* 78 Mo. 630; *Johnson v. Johnson,* 81 Mo. 331; *Bush v. White,* 85 Mo. 339; *Mastin v. Branham,* 86 Mo. 643. (2) In the ejectment suit of *Stafford v. Fizer & Cockerill,* Cockerill, in his answer, sets up his claim of a right to redeem; abandoned it; failed to insist upon it; and that he cannot do so in this suit is expressly decided in cases of *Kelly v. Hurt,* 74 Mo. 561; *Foster v. Wood,* 6 Johns. Chan. 86; *Dobson v. Pierce,* 12 N. Y. 156; *Crary v. Goodman,* 12 N. Y. 226; *Ferguson v. Crawford,* 70 N. Y. 253; *Winfield v. Bacon,* 24 Barb. 154; *Savage v. Allen,* 54 N. Y. 458; *Mandeville v. Reynolds,* 68 N. Y. 528; *Ass'n v. Parker,* 58 Mo. 327. (3) The statute of limitations applies to an application to redeem from a mortgage sale. *Kelly v. Hurt,* 61 Mo. 466; *Rogers v. Brown,* 61 Mo. 187; *Gordon v. Lewis,* 88 Mo. 378. (4) His equitable defense might have been made in the former suit. He could have made both, one legal and one equitable. *Corrigan v. Bell,* 73 Mo. 53; *Ledbetter v. Ledbetter,* 88 Mo. 60. (5) A purchaser at a tax sale is not bound to take any notice of anything not apparent of record in the county, and she is not affected by proceedings in Howard county not alleged to be of record in Saline. *Payne v. Lott,* 90 Mo. 676; *Ogden v. City of St. Joe,* 90 Mo. 522; 34 Cal. 391; 12 Kan. 282; 13 Ohio St. 446. (6) The defendant had a right to presume the trust debt paid at the time of her purchase of the land. The mortgage was barred as to her, whether the debt was barred or not. Ten years bars a mortgage. It was formerly held to be twenty before the law presumed them satisfied. *Bush v. White,* 85 Mo. 339; *Kline v. Vogel,* 90 Mo. 239; *Adair v. Adair,* 78 Mo. 630; *Johnson v.*

*Johnson*, 81 Mo. 331. (7) But as to whether the mortgage was barred or not, the plaintiff's right of action in this case is barred by laches upon his part; laches unprecedented: *First*, by abandoning the mortgage and suing upon the note in Howard county, to keep the debt alive, and still let the mortgage lie unforeclosed over fifteen years, until defendant purchased, and then wait near nine years after her purchase, and near six years after her judgment for possession, and several years after she is put in possession by the sheriff, before the plaintiff undertakes to insist upon a right to redeem under the mortgage, and this after standing by and permitting the defendant to make valuable improvements upon the land believing she had good title. *Kline v. Vogel*, 90 Mo. 239; Adams' Equity, 227; *Badger v. Badger*, 2 Wall. 94; *Sullivan v. Railroad*, 94 U. S. 807; *Twin Lick Oil Co.*, 91 U. S. 591; *Bliss v. Prichard*, 67 Mo. 181.

SHERWOOD, J.—Plaintiff sought by this proceeding, which he instituted in the fall of 1886, to redeem certain land from a tax sale thereof, made on the thirtieth day of October, 1878, at which sale Mary E. Stafford became the purchaser, receiving a deed from the sheriff.

The petition in this cause, omitting the caption, is as follows :

" The plaintiff states that on the eighteenth day of June, A. D. 1878, and long prior thereto, one James A. Clark was the owner of the following described real estate lying and situated in the county of Saline and state of Missouri, to-wit: The northeast quarter of the southwest quarter of section number twenty ( 20 ), and the southeast quarter of the northwest quarter of section number twenty ( 20 ), in township number fifty-one ( 51 ), range number nineteen ( 19 ).

" That, on the fifteenth day of August, 1863, the said James A. Clark conveyed the said real estate with other real estate to John Z. Sterne in trust to secure

several debts mentioned in said deed of trust, one to said Sterne, one to Daniel B. White, guardian of William E. White, and also to secure the sum of $1,300, alleged in said deed of trust as due by a promissory note to the executors of Thomas N. Cockerill, dated May 26, 1863, which deed of trust was on record in the recorder's office of Saline county, in deed book number 1, pages 402, 403 and 404; that all the debts due and secured by the said deed of trust were satisfied except the debt due to the estate of Thomas N. Cockerill. Plaintiff states that on the third day of July, 1862, letters testamentary were granted by the county court of Howard county, a court having probate jurisdiction, to Emma A. Cockerill, H. Clay Cockerill and Luke F. Hayden, a certified copy of which letters is herewith filed and asked to be taken as part of this petition. The plaintiff further states that long prior to 1880 the said Emma A. Cockerill died leaving H. Clay Cockerill, who was active executor, and Luke F. Hayden, the surviving executors.

"The plaintiff states that on the eighteenth day of June, 1878, the state of Missouri, at the relation and to the use of William M. Walker, collector of Saline county, recovered judgment in the Saline circuit court against the said James A. Clark, Daniel B. White, guardian of William E. White, and John Z. Sterne, for the sum of $123.25 for delinquent state, county and special taxes, interest, and costs of suit taxed at the sum of $51.49, which was adjudged to be a lien upon said real estate.

"That, upon execution issued on said judgment and delivered to the sheriff, the said Mary E. Stafford, by her name of Stafford at that time, to-wit, on the thirtieth day of October, 1878, became and was the purchaser of said real estate at and for the sum of $203, which she paid, and received a deed for said real estate.

"The plaintiff says that neither the said H. Clay Cockerill, nor the said Luke F. Hayden, or either of

them, nor any other person, as executors of the estate of Thomas N. Cockerill, were made parties to this suit to recover the said taxes, and neither of them had any notice of said suit or said sale, although the executors of the estate of Thomas N. Cockerill were mentioned in said deed of trust as beneficiaries in the same, and they held at the time letters testamentary from the county court of Howard county, and both said H. Clay Cockerill and Luke F. Hayden were residents at the time in Howard county in the state of Missouri.

"The plaintiff further states that on the ninth day of June, 1871, the said H. Clay Cockerill, the acting executor of the estate of Thomas N. Cockerill, obtained a judgment against the said James A. Clark in the Howard circuit court, for the amount due on the note described in the said deed of trust, and that on the eighteenth of June, 1878, the said judgment was in full force and unsatisfied, and the said deed of trust was in full force and effect, and the amount secured in the same was still due and unpaid, and on that day a lien on said real estate, for which the said trustee had a right to sell the interest of said Clark in said real estate. The plaintiff further states that John Z. Sterne, in accordance with the powers vested in him by said deed of trust, and in accordance with its terms, sold him real estate to satisfy said debt in April, 1879, at which said sale, H. Clay Cockerill became and was the purchaser of said real estate, and received a deed of conveyance from said Sterne for same, and thereby became the legal owner of said real estate, and having by virtue of said sale and the facts herein stated an equitable right to redeem said real estate from said tax sale. That, as soon as said sale took place, one Samuel Fizer, who was tenant of said Clark, attorned to said H. Clay Cockerill by the written request of said James A. Clark, who in writing dated the sixth of November, 1878, recognized the validity of said deed of trust and the debt as then due and unpaid. The plaintiff further states that said

defendant unlawfully entered into the possession of said real estate soon after the said H. Clay Cockerill became the purchaser, and that said H. Clay Cockerill ousted her by an action of forcible entry and detainer, and recovered possession of said real estate and the costs. That, said defendant being unable to pay costs, the said H. Clay Cockerill paid the same, to-wit, $17.85, and said judgment for costs is still due and unsatisfied with interest from the fourth of February, 1880.

"The plaintiff further states that on the twentieth of February, 1880, the defendant instituted suit in the Saline circuit court on an action of ejectment against Samuel Fizer for said real estate ; that at the June term, 1880, of said court, the said H. Clay Cockerill was made a party defendant to said action and filed several defenses to said action, the first of which denied the legal right to recover the said real estate, and in the other defense he claimed an equitable right to redeem said real estate from said sale.

"That at the trial of said cause on the second of March, 1881, the two defenses being inconsistent, the said H. Clay Cockerill expressly abandoned said equitable defense and claim to redeem, and that the suit was tried on the legal rights of said parties.

"That plaintiff recovered a judgment on the legal title and for possession of said real estate and for $100 damages for rents and profits already accrued, and for $5 per month for monthly rents and profits. That said monthly rents and profits until possession was given, ——day of——three years and two months after judgment, the said cause having been appealed to the supreme court and affirmed by said court. The plaintiff says that the defendant has paid all the costs of said proceeding in ejectment, to-wit, about $41, and says that the remaining part of said judgment is exclusively for rents and profits, and if paid by said H. Clay Cockerill would have to account for in case this plaintiff is decreed the right to redeem said real estate as he

claims hereinafter, and this plaintiff asks that said defendant may be enjoined and restrained from proceedings to collect said judgment until after the termination of the suit. The plaintiff further states that on the thirty-first of July, 1880, the said H. Clay Cockerill conveyed the said real estate to this plaintiff in trust for his wife, Martha Kate Cockerill, who is now the legal owner of same with all equities connected therewith.

" The plaintiff, therefore, asks that an account be taken of all moneys paid by said defendant on said real estate with interest thereon to the thirtieth of October, 1886 ; that she account for all rents and profits with interest thereon, and that said defendant be allowed for all improvements made on said lands, and that she account for all waste and for the value of all timber taken from said real estate which the plaintiff alleges far exceeds any permanent improvements, and that this plaintiff be permitted to redeem said land from said tax sale ; that he is ready and willing to pay all sums that may be adjudged to be due to said defendant, with interest to thirtieth of October, 1886, when this plaintiff tendered sufficient to redeem same and which has been refused.

"The plaintiff says that the account between plaintiff and defendant on a decree to redeem is as follows :

| | | |
|---|---|---|
| Amount expended by defendant and interest to October 30, 1886, is.... | | $414 26 |
| By use and occupation of land, 3 years, $60 per year......................$180 00 | | |
| Cost in forcible entry cause........... 17 85 | | 197 85 |
| Due defendant .... .................... | | $216 41 |

" Which said sum the plaintiff is ready and willing to pay and tenders the same, and is willing to pay in redemption such other sum as the court shall decree right and equitable. The plaintiff further states James A. Clark had no legal notice of the pending of said original suit in which the judgment was obtained by

which said real estate was sold; the only notice which said Clark had, as shown by the return of the sheriff, was as follows: 'Served this writ by leaving a true copy of the summons at the house of the within-named James A. Clark, with one of the family over the age of fifteen years.'

"The plaintiff says, notwithstanding, that he is willing and ready to pay the above amount. The plaintiff asks a decree that plaintiff be permitted to redeem said real estate from said tax sale, and that an account be taken as to the amount expended by defendant, and rents and profits received. And that, upon the payment of the amount found to be due, the plaintiff recover possession of said real estate, and that defendant account for rents and profits until possession is restored. And that such plaintiff have such other and further relief as he is in equity entitled to receive.

"SHACKELFORD,
"With plaintiff attorneys for Plaintiff."

To this petition the plaintiff interposed the following demurrer:

"Now comes the defendant and demurs to plaintiff's amended petition, and says the same does not state facts sufficient to constitute a cause of action against the defendant in this:

"*First.* Because this is an action to redeem based upon a mortgage executed on the fifteenth day of August, 1863, executed by James A. Clark to secure the several debts mentioned in the petition of plaintiff, claiming that said mortgage, given more than twenty years before the institution of this suit, was a lien upon the real estate described in the petition, and that by virtue of such lien the plaintiff seeks by the petition to be permitted to redeem, when in law the plaintiff's cause of action, if he ever had any, is barred by the statute of limitations of this state in such cases made and provided, as shown by the facts stated in the

petition, and it, therefore, shows plaintiff has no right to recover.

"*Second.* Because plaintiff's position shows that this defendant on the twentieth day of February, 1880, instituted an action of ejectment in this court for the possession of said real estate, and that plaintiff's grantor set up the same defense in said suit, claiming the right to redeem as herein claimed in his petition in this suit, and the plaintiff voluntarily abandoned such defense in cause and in law, while he did make, and it was his duty to make, such defense if he had such defense in such action, such failure to make or establish such defense by proper evidence at that time, the plaintiff is now estopped and barred by such failure and judgment in said cause from now making such claim of a right to redeem as sought in plaintiff's petition.

"*Third.* Because more than ten years have elapsed since the cause of action arose before the institution of this suit.

"*Fourth.* Because from the statement of plaintiff's petition the mortgage given by him more than fifteen years prior to defendant's purchase at the tax sale mentioned, and at that time, had lost its lien and was barred by the statute of limitations, and that it could not have been a mortgage lien upon the real estate at the time of her purchase at the tax sale, or one of which she was bound to take notice, and she was an innocent purchaser, as shown by plaintiff's petition.

"*Fifth.* Because from the showing of the plaintiff's petition his action is barred by equitable laches in failing to insist upon a right to redeem until the institution of this suit, and by voluntarily abandoning such claim, and leaving the defendant to improve and pay taxes upon the land without notice that such pretended claim would be made after such abandonment.

"*Sixth.* Because the recovery of a personal judgment in 1871, upon the note against James A. Clark

*et al.*, instead of foreclosing the mortgage was more an abandonment of the mortgage lien, and it is not shown by the petition that such judgment was on record in this county where the land is situated, and while it might have merged the note in judgment it would not and did not in law, in any manner, have any effect to keep alive the mortgage lien or prevent its bar by limitations, and, from aught that appears in the plaintiff's petition, she had a right to presume said mortgage satisfied at the time of her purchase at the tax sale.

"*Seventh*. Because the plaintiff's amended petition fails to state any cause of action."

The circuit court held the petition insufficient and rendered judgment accordingly, from which the plaintiffs appealed.

From the voluminous petition these facts are gleaned : On the fifteenth day of August, 1863, James A. Clark was the owner of the land in question. On that day he executed a deed of trust to one Sterne to secure several debts to different parties, and among them a promissory note for $1,300, dated May 20, 1863, made to the executors of Thos. N. Cockerill, "which deed of trust was on record in the recorder's office of Saline county in deed book number 1," etc. Prior thereto, to-wit, in July, 1862, letters testamentary had been granted on the estate of Thos. N. Cockerill to H. Clay Cockerill and others, but he alone became the acting executor. On the eighteenth of June, 1878, the tax collector recovered a judgment against Clark, the mortgagor, for taxes due on the land in controversy. Execution issued on the judgment so obtained at the sale, Mary E. Stafford became the purchaser of the land, receiving a sheriff's deed, on the thirtieth day of October, 1878.

Neither H. Clay Cockerill, nor the other executors, were made parties to the suit to enforce the tax lien. In 1871, H. Clay Cockerill, the acting executor of the

estate of Thos. N. Cockerill, obtained judgment against Clark, on the promissory note aforesaid, in the circuit court of Howard county.

On the eighteenth of June, 1878, the judgment aforesaid was still in full force and unpaid. On November 6, 1878, Clark, the mortgagor, recognized in writing the debt secured by the deed of trust as yet due and unpaid.

In April, 1879, Sterne sold the property under the deed of trust, and at the sale H. Clay Cockerill became the purchaser, and received a deed for the land in suit. Thereupon, Fizer, the tenant of Clark, at the written request of the latter, attorned to H. Clay Cockerill, the purchaser under the trust deed. Afterwards, Mary E. Stafford, having entered into possession of the premises, H. Clay Cockerill ousted her by writ of forcible entry and detainer. In February, 1880, Mary E. Stafford brought ejectment against Fizer to recover said land, when H. Clay Cockerill was made a party defendant, whereupon he set up a legal defense and also an equitable defense, to-wit, the right to redeem from the tax sale ; but upon the trial of the cause in March, 1881, he abandoned the equitable defense, and the case was then tried on the legal defense alone, judgment being rendered in favor of Mary E. Stafford for possession of the premises.

On the thirty-first of July, 1880, H. Clay Cockerill conveyed the premises to the plaintiff, in trust for his wife, Martha Kate Cockerill.

The petition also alleges that Clark, the mortgagor, had no notice of the suit for the collection of taxes, under which the real estate was sold in consequence of the service of the summons on him by the sheriff, being insufficient, to-wit: "Served this writ by leaving a true copy of the summons at the house of the within-named James A. Clark, with one of the family over the age of fifteen years."

There is then a prayer for an accounting and a prayer to redeem, coupled with an allegation that defendant had made permanent improvements, but that she had committed waste on the lands to more than would exceed the value of such improvements. This is a fair *resumé* of the petition, and the question is : Was it sufficient as against the objections urged in the demurrer ?

It certainly was not obnoxious to the charge that it showed on its face that the statute of limitations had created a bar against plaintiff 's right to redeem, because that right did not accrue until the tax sale in 1878, at which defendant purchased ; and because, further, the defendant did not obtain possession of the premises until 1881, and perhaps not until 1884, and, either date being taken for a commencement, the statute evidently would not have run in her favor at the time the present proceedings were begun. It requires ten years' adverse possession of the mortgaged premises by a mortgagee in order to confer a title upon him. *Gordon v. Lewis*, 88 Mo. 378 ; *McNair v. Lot*, 34 Mo. 285.

When another branch of this cause was here it was ruled that the purchaser under the deed of trust acquired Clark's equity in the land, and such purchaser, not having been made a party to the tax suit, had the right to redeem it from the purchaser at the tax sale. *Stafford v. Fizer*, 82 Mo. 393. This is the well-settled law of this state. *Allen v. McCabe*, 93 Mo. 138. As the purchaser at the deed-of-trust sale must be regarded in the light of a mortgagor and possessed of equal rights of redemption, it must needs follow that the defendant must occupy the attitude of a mortgagee towards the plaintiff ; but the rights of the former became adverse to those of the latter only when his possession of the mortgaged premises became adverse ; for, so long as the relation of mortgagor and mortgagee exists, the statute does not commence to run in favor of the latter. As

against the mortgagor the relation is generally termi- nated when the mortgagee takes possession of the mortgaged premises, and from that time the statute begins to run. 2 Jones on Mort. [ 4 Ed.] sec. 1152. It is clear, then, that, in the case in hand, the statutory bar had not arisen.

Ti ere is no force in the second clause of the demur- rer relative to the equitable defense pleaded by H. Clay Cockerill in the action of ejectment; because the petition recites, and the demurrer admits to be true, that the equitable defense in that suit, to-wit, the right to redeem, had been *expressly .abandoned.* If so, that defense cannot be. regarded in any other light than as if it had never been pleaded.

It will have been observed that, although the peti- tion avers that the deed of trust from Clark to Sterne *"was on record in the recorder's office of Saline county in deed book number 1,"* etc., yet it is not stated *when* that deed was put on record.

Of course, good pleading required that the date when that deed was recorded should have been stated; but this loose method of statement of a material fact should be regarded in the nature of a cause of action defectively stated, and not in the nature of a defective cause of action, and therefore not obnoxious to the last clause in the demurrer that the petition did not state facts sufficient, etc.

If the statement in this regard, as to when the deed of trust was put to record, was indefinite, advantage of the defect should have been taken of it, either by special demurrer, or by motion to make more definite and certain.

The supposed laches of the plaintiff in this cause is disposed of by reasons already given, and by the addi- tional reason that it does not sufficiently appear in the petition in what the permanent improvements consisted, and, if it did, this is more than counterbalanced by the alleged waste, which the demurrer confesses. For

reasons already given, it becomes unnecessary to discuss the sufficiency of the service of summons on Clark in the tax suit. We reverse the judgment, and remand the cause, with directions to proceed in conformity to this opinion. All concur.