## N. C. RICHARDSON, Respondent, v. CITY OF MARCELINE, Appellant.

### Kansas City Court of Appeals, January 24, 1898.

1. **Evidence**: INJURY ON SIDEWALK: NOTICE. In an action against a city for injury arising from a defective sidewalk, evidence tending to show that the defect existed for a sufficient time to give notice is properly admitted, and that an effort had been made to repair does not render such evidence inadmissible.

2. ———: ———: ———. Certain evidence relating to the condition of the sidewalk prior and subsequent to the injury complained of is considered and *held* admissible as bearing on the question of the condition of the sidewalk and the notice thereof, and, if not admissible, harmless.

3. **Municipal Corporations**: INJURY ON SIDEWALK: OPPORTUNITY TO REPAIR: INSTRUCTION: COMMON ERROR. A city is not liable for an injury caused by a defective sidewalk unless it had notice thereof and a reasonable opportunity to repair the same, and an instruction omitting to allow such reasonable opportunity to repair is improper. But since the error is common to the instructions of both parties, there will be no reversal.

*Appeal from the Linn Circuit Court.*—Hon. W. W. RUCKER, Judge.

AFFIRMED.

*C. M. Kendrick* and *C. D. Watkins* for appellant.

(1) The evidence introduced by plaintiff as to the condition of the sidewalk at the place where this accident is said to have occurred is so remote from the time of said alleged accident that it proves absolutely nothing of the condition of said sidewalk at the time of the accident. *Morrisey v. Ingham*, 111 Mass. 63; *White v. Graves*, 107 Mass. 325; *Sloan v. People*, 47 Ill. 76; *Jones v. State*, 26 Miss. 247; *Murdock v. Brown*, 16 Mo. App. 548. (2) To render a city liable for an injury caused by a defective sidewalk, it is necessary that it should have had a reasonable time to repair the same. *Maus v. Springfield*, 101 Mo. 613.

*Benj. L. White* and *H. K. & H. J. West* for respondent.

An examination of the record will show that all the evidence objected to was entirely competent and proper. Aside from the fact that the evidence objected to was entirely proper, the grounds of objection, when any grounds at all are stated, are so general as to amount to no objection at all. *Clark v. Loan Co.*, 46 Mo. App. 248; *Churchman v. Kansas City*, 49 Mo. App. 366; *State v. Meyers*, 99 Mo. 107–120.

SMITH, P. J.—This is an action which was brought by the plaintiff against the defendant to recover damages for personal injuries occasioned by a negligent defect in a sidewalk in one of the streets of the defend-

ant. There was a trial in which plaintiff had judgment and the defendant appealed.

The first point made by defendant is that some of the evidence offered by plaintiff as to the condition of the sidewalk at the place where she was injured is too remote, and that such evidence was irrelevant. Defendant does not call our attention to any particular evidence to which its general objection is intended to apply. The first exception saved by appellant is where the plaintiff's witness, Mrs. Robinson, was asked as to the condition of the sidewalk in the summer and fall of 1896. The abstract shows: "Defendant's counsel objects to that: 'Their witness stated that it had been repaired before this occurred.' The court: 'Go ahead, the objection will be overruled.' To which ruling of the court the defendant then and there excepted at the time."

*EVIDENCE: injury on sidewalk: notice.*

This general objection was properly overruled. It was competent for the plaintiff to show the dangerous condition of the sidewalk in the summer and fall of 1896, for the purpose of proving that the defendant had notice of its dangerous condition a sufficient length of time before the plaintiff was injured, on December 14, 1896, to have enabled defendant to have repaired the walk before the injury. Plaintiff was required to show that the officers of the defendant city either knew, or by the exercise of reasonable diligence would have known, of the dangerous condition of the walk. The fact that an effort to repair it had been made did not relieve the plaintiff of the obligation upon her to prove notice.

The next exception saved by appellant is where the plaintiff's witness Ogle is asked: "*Q.* Do you know the condition of the walk after the repairs were made?" "Defendant's counsel objects. Court overruled the objection, to which ruling of the

—: —: —.

court defendant then and there excepted at the time.''
Again, Ogle was further asked: '' 'Q. About how many
(loose) boards did you discover near Gracia avenue?'
Defendant's counsel objects. Court overruled the
objection, to which ruling of the court defendant then
and there excepted at the time.'' And again: '' 'Q.
State what condition you found these boards to be in.'
Defendant's counsel: 'What time do you mean, Mr.
West?' Mr. West: 'Just a few days ago.' Defendant's
counsel: 'Then I object to the testimony.' The court:
'Proceed, the objection will be overruled,' to which
ruling of the court defendant then and there excepted
at the time.'' The witness then proceeds to say that
his examination disclosed that the nails used had rusted
or broken off, and that the boards were not nailed, and
that there were no indications of new nails. That the
boards were old boards, and the stringers old stringers,
and that he, the witness, had been a carpenter for
thirty years.

The next exception saved by appellant to the evi-
dence is where this appears: '' 'Q. When you made
the examination the other day, Mr. Wilhoit, what con-
dition did you find those boards in?' Defendant's
counsel makes the same objection as before, irrelevant
and immaterial. Court overruled the objection, to
which ruling of the court defendant then and there
excepted at the time.''

The next and last exception saved by appellant to
the evidence is where Mrs. Rodgers, one of defendant's
witnesses, is asked: ''Do you think she (the plaintiff)
was hurt, or not hurt?'' The record shows: ''Defend-
ant's counsel objects. Court overrules the objection,
to which ruling of the court defendant then and there
excepted at the time.''

The above are the only exceptions saved by appel-
lant to any evidence introduced.

As has already been sufficiently intimated a part of the testimony thus elicited was competent to prove that the defendant had notice of the defective condition of the sidewalk and a reasonable time and opportunity to repair the same before the happening of the plaintiff's injury; and that part of such testimony as related to the condition of the walk after the injury we think was not entirely irrelevant. If ten weeks after the injury happened the stringers and boards placed thereon were so decayed that the nails would not hold them together, or if the nails were so eaten by rust that they would not do duty in fastening the boards securely to the stringers, it seems to us that this was some evidence, though perhaps slight, from which the jury were justified in deducing the inference that the walk was in a defective and insecure condition at the time of the injury.

But however this may be the record abundantly discloses other testimony, not at all subject to the objection as being too remote, that tends to establish the defective and insecure condition of the walk at the time of the receipt of the injury by plaintiff, so that the reception of the testimony complained of was harmless.

The defendant further complains of the action of the court in giving the plaintiff's third instruction, which in substance declared that if the city permitted its said sidewalk to become defective and unsafe by by reason of boards, forming a part thereof, becoming loose and detached, and that prior to the time plaintiff was injured defendant's officers knew, or by the exercise of ordinary care could have known the same in time to have repaired the same before the happening of the plaintiff's injury, that there was liability. It is insisted that although there

MUNICIPAL corporations: injury on sidewalk: opportunity to repair: instruction: common error.

was a defect in the defendant's sidewalk, yet there was no liability for the injury caused thereby unless the defendant had notice of such defect and a *reasonable opportunity to repair the same* before the happening of the injury. If it had notice of the defect, but before a reasonable opportunity was afforded it to repair the same an injury resulted, there would be no liability. On the other hand, if after the notice a reasonable opportunity was afforded to repair the defect, and it failed to do so, then it was liable for any subsequent injury caused thereby. *Maus v. Springfield*, 101 Mo. 613.

The said instruction did not tell the jury as it should that the defendant was entitled to *a reasonable time or opportunity to repair* the defect after notice and for this reason it was erroneous. But the defendant's second and third instructions are alike erroneous. The vice is there more pronounced and glaring than in the plaintiff's instruction. The error complained of is common to the instructions of both plaintiff and the defendant, and therefore it constitutes no ground for reversal of the judgment.

Perceiving no error in the record prejudicial to the defendant, the judgment will be affirmed. All concur.