## ELIAS BALL, Respondent, v. CITY OF NEOSHO, Appellant.

### Kansas City Court of Appeals, November 28, 1904.

1. **PLEADING: Petition: Demurrer: Indefiniteness: Motion.** A petition is always open to attack on its sufficiency to state a cause of action, but indefiniteness should be attacked before verdict on motion to make more certain; and a petition set out in the opinion is held sufficient to constitute a cause of action.

2. **MUNICIPAL CORPORATIONS: Safe Street: Negligence.** A city should keep its streets in a reasonably safe condition, and to permit holes, ditches or excavations to remain therein after actual or constructive notice thereof, is actionable negligence to those injured thereby.

Ball v. Neosho.

3. ——: ——: Contributory Negligence: Sufficiency of Evidence. Evidence is reviewed and held insufficient to sustain a peremptory instruction on the ground of contributory negligence.

4. ——: ——: Notice: Repair. A city is not liable for negligence arising from a defect in a street until it has notice thereof for a sufficient time to repair the same, and the jury should be so instructed.

5. ——: Defective Street: Contributory Negligence: Instructions. A series of instructions held sufficiently to submit the questions of care required of the defendant.

6. ——: Negligence: Plaintiff's Physical Defects: Instruction. An instruction requiring plaintiff, by reason of his physical defects, to use more caution than a person without such defects, is approved.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

REVERSED AND REMANDED.

*O. L. Cravens, J. W. McAntire, C. E. Prettyman, Jr.*, and *James H. Pratt* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action, and advantage of this defect may be taken for the first time in this court. R. S. 1899, sec. 602. (2) The failure of the petition to state facts which in law amount to negligence on the part of the city is fatal to the petition. Dyer v. Railroad, 34 Mo. 127; Bowie v. Kansas City, 51 Mo. 454; Hurst v. Ash Grove, 96 Mo. 168. No reported case within our knowledge in this State holds a petition good, even after verdict, which does not contain an averment of negligence on the part of defendant or allege facts from which it is necessarily inferred that defendant was negligent. Hall v. Railroad, 74 Mo. 298; Grove v. Kansas City, 75 Mo. 672; State to use v. Bacon, 24 Mo. App. 403; Bank v. Fisher, 55 Mo. App. 51; Benedict v. Jones, 60 Mo. App. 219; Lanitz v. King, 93 Mo. 513.

(3) The defendant's demurrer to the evidence should have been sustained. Warren v. Independence, 153 Mo. 593; Spillane v. Fitchburg, 117 Mass. 87, 58 N. E. 176; Smith v. Wakefield, 105 Mass. 473; Gosport v. Evans, 13 N. E. (Ind.) 256, and cases cited; Bloomington v. Rogers, 36 N. E. (Ind.) 439; Cohn v. Kansas City, 108 Mo. 387; Smart v. Kansas City, 91 Mo. App. 386; Horton v. Ipswich, 12 Cush. 484; Wilson v. Charleston, 8 Allen 137; Farnum v. Concord, 2 N. H. 392; Falson v. Underhill, 36 Vt. 580; Belton v. Baxter, 54 N. Y. 245; Bunker v. Covington, 69 Ind. 33; Schaefler v. Sandusky, 33 Ohio St. 246; Corlett v. Leavenworth, 27 Kan. 673; Sindlinger v. Kansas City, 126 Mo. 315; Sherman & Redfield on Neg., secs. 25, 34; Morgan v. Penn Yan, 42 App. Div. 582, 59 N. Y. Supp. 504; Nebraska T. Co. v. Jones, 81 N. W. 435, 83 N. W. 197; Snyder v. Penn, 14 Pa. Sup. Ct. 145. (4) It conclusively appears from the evidence that the condition of the gutter, alley or street was not the proximate cause of the accident, and for this reason defendant is entitled to an outright reversal. Herr v. Lebanon, 149 Pa. St. 222; Bell v. Wayne, 123 Mich. 204, 81 Am. St. Rep. 204; Heister v. Fawn, 189 Pa. St. 253, 42 Atl. 121; Card v. Columbia, 191 Pa. 254, 43 Atl. 217; Seaver v. Union, 89 N. W. 163; Hicks v. Railway, 46 Mo. App. 304; Brown v. Railway, 20 Mo. App. 222; Butterfield v. Fowester, 11 East. 60. (4) The instructions given for plaintiff are not correct law. Smart v. Kansas City, 91 Mo. App. 586; Mt. Vernon v. Brooks, 39 Ill. App. 426; Fusili v. Railroad, 45 Mo. App. 535; Glenn v. Weary, 66 Mo. App. 75; Price v. Railroad, 77 Mo. 508; Wallis v. Westport, 82 Mo. App. 522; White v. Ins. Co., 93 Mo. App. 282; Desnoyers v. Lisman, 85 Mo. App. 340; Nasse v. Algermissen, 25 Mo. App. 186; Billups v. Daggs, 38 Mo. App. 367; Lesser v. Railroad, 85 Mo. App. 326; Baer v. Lisman, 85 Mo. 317; School District v. Matherly, 90 Mo. App. 403.

*White & Clay* for respondent.

(1)   This petition is substantially identical with the one in the case of Kossman v. St. Louis, 153 Mo. 293; Gurley v. Railroad, 93 Mo. 445; Condon v. Railroad, 78 Mo. 567; Palmer v. Railroad, 76 Mo. 217; Rusher v. Aurora, 71 Mo. App. 418; Walker v. Point Pleasant, 49 Mo. App. 244; Foster v. Railroad, 115 Mo. 165; Johnson v. Railroad, 96 Mo. 345; Crane v. Railroad, 87 Mo. 588; Young v. Iron Co., 103 Mo. 324.   (2) Negligence can not be conclusively established as a matter of law except upon a state of facts upon which fair-minded men of ordinary intelligence might well differ as to the inference to be drawn from them. Where the inference to be drawn is not certain or uncontrovertible, the question of negligence can not be passed upon by the court without an invasion of the province of the jury." Eberly v. Railroad, 96 Mo. App. 361, and cases cited.   And contributory negligence is most generally one for the jury under all the evidence.   Weller v. Railroad, 164 Mo. 205; Maus v. Springfield, 101 Mo. 618; Kenney v. Railroad, 105 Mo. 270; Herring v. Railroad, 80 Mo. App. 562; Duerst v. Stamping Co., 163 Mo. 607; Pauck v. Beef & Prov. Co., 159 Mo. 467; Steube v. Iron & Found. Co., 85 Mo. App. 640; Dorsey v. Railroad, 83 Mo. App. 528.   (4)   "It is not essential that an instruction which undertakes to define the principal rule of liability in the case, shall state all exceptions to the rule which may arise under the pleading and evidence.   If these are correctly stated in one or more separate instructions, it is sufficient." Machine Co. v. Railroad, 71 Mo. 203; Yocum v. Trenton, 20 Mo. App. 489.   (5)   It is the well-settled law that omission of this nature may be supplied by instructions given on the part of the defendant.   Lemser v. Mfg. Co., 70 Mo. App. 209; Pray v. Casualty Co., 73 Mo. App. 679; Nelson Dis. Co. v. Creath, 45 Mo. App. 170; Hughes v. Railroad, 127 Mo. 447; Posch v. Railroad, 76

Mo. App. 607; Chambers v. Chester, 172 Mo. 489; Perrette v. Kansas City, 162 Mo. 238; Huff v. Marshall, 97 Mo. App. 542; McKeon v. Railroad, 43 Mo. 405; Budd v. Hoffheimer, 52 Mo. 297; Henschen v. O'Bannon, 56 Mo. 289; Owens v. Railroad, 95 Mo. 170; Deweese v. Merrimec Co., 54 Mo. App. 476; 128 Mo. 423; Bank v. Hatch, 98 Mo. 376; State v. Mathews, 98 Mo. 125.

BROADDUS, J.—The petition, after alleging that the defendant is organized under the statutes of this State as a city of the fourth class, proceeds as follows:

". . . that at all times herein mentioned Washington street at the places herein mentioned was an open public street within said city of Neosho and graded and worked as such; that on July 12, 1902, the plaintiff was driving a team and wagon, which said wagon was loaded with wheat, along and across said Washington street at a point thereon where the alley running east and west through block 7, Neosho proper, intersects said Washington street, for the purpose of delivering and unloading said wheat in the warehouse or building known as the Valley Mills Exchange and which said building is fronting on said alley, and when crossing and driving over the west side of said street to enter said alley plaintiff's wagon and the front wheels thereof dropped into a deep hole, ditch and excavation worn in said street and the gutter thereof, whereby the plaintiff was caused to be thrown from said wagon to and upon the wheels of said wagon and to the gutter and sidewalk of said street, and the wagon and the wheels thereof ran upon and against the plaintiff, whereby and by reason of all which the plaintiff was greatly injured upon shoulder and body, his shoulder dislocated, left arm broken, mashed and bruised, his spine injured, his abdomen crushed, and plaintiff was otherwise greatly injured and bruised. And plaintiff states that said street and the gutter thereof at said place was by reason of said ob-

struction out of repair and in a dangerous and defective condition, as defendant, by its agents and servants having charge of keeping said street in repair, well knew before plaintiff's said injuries, or would have known by the exercise of ordinary care in time to have repaired the same before plaintiff's said injuries, yet neglected to do so.'' The answer was a general denial to which was added the plea of contributory negligence. There was a trial and judgment for plaintiff and defendant appealed.

The defendant here for the first time raises the objection that the petition does not state facts sufficient to constitute a cause of action. The fundamental sufficiency of a petition always remains an open question under the statute—section 602, Revised Statutes—and may be raised for the first time in the reviewing court. Even though the allegations of the present petition are somewhat disconnected and lacking in logical sequence, yet if all the facts stated are sufficient to constitute a cause of action the pleading will be deemed sufficient, however awkwardly framed. Objection to a pleading because of indefiniteness should be made by motion or special demurrer. [Cockerill v. Stafford, 102 Mo. 57.] A petition which defectively states a cause of action is good on general demurrer. [Water Co. v. Aurora, 129 Mo. 546.] It is only where a petition is so wholly wanting in necessary allegations that it fails to state a cause of action (Verdin v. St. Louis, 131 Mo. 36) or where it is impossible to determine from its allegations whether or not the plaintiff has a cause of action, that a demurrer will lie. [Embree v. Patrick, 72 Mo. 173.] And so it has been ruled that indefiniteness and uncertainty in a petition are properly reached by a motion and not a demurrer. [MacAdam v. Scudder, 127 Mo. 345.]

And under the statute, the court may require a pleading to be made more certain and definite; and it would seem *to be implied that this must be done on*

*motion of the adverse party*, etc. [State ex rel. v. Oddle, 42 Mo. 210.] In a late case it is held that the adverse party may move to make a pleading more definite and certain, but it is not required to do so since the statute—section 609, Revised Statutes—devolves this duty upon the court. [Sidway v. Stock Company, 163 Mo. 342.] But mere imperfections or indefiniteness in the statement of a cause of action are not open to review unless attacked before verdict. [Green v. Sup. Lodge, etc., 79 Mo. App. 183; R. S., sec. 672.] Giving the petition a liberal construction, as we are required by the statute to do, and it will be found to state facts sufficient to constitue a cause of action. The description therein of the defect in defendant's street was rather vague and indefinite, yet as the petition was not attacked on that ground by motion in the trial court, it is not now, after verdict, open to such an attack.

It was the duty of defendant to keep its streets and alleys in a reasonably safe condition so that those having occasion to use them could do so in safety. [Barr v. Kansas City, 105 Mo. 550; Campbell v. Stanberry, 85 Mo. App. 159.] If there was a hole, ditch or excavation in defendant's street and the defendant had actual or constructive notice of such defect a sufficient length of time before the happening of plaintiff's injury to have afforded it an opportunity to repair such defect, and it failed to do so, and if the plaintiff while using said street received an injury occasioned by such defect, then the defendant was guilty of actionable negligence. According to the authorities already referred to, it is clear that the petition is not, on account of the indefiniteness and want of specification in the allegation in describing the street defect occasioning the accident, open to attack here. Though the petition defectively states a cause of action, it is sufficient to uphold the judgment.

The defendant insists that the trial court erred in

its action in refusing its instruction in the nature of a demurrer to the evidence. It is claimed that the evidence shows that plaintiff was not injured by reason of any defect of the gutter, but that plaintiff in driving his wagon from said Washington street into the mouth of said alley negligently caused the wheel of his wagon to run upon the curbing of the sidewalk from which it dropped into the gutter, which was the cause of the injury.

The evidence is to the effect that Washington street is paved with brick and that it gradually descends until it approaches the sidewalk and that it ascends also gradually as it passes over the sidewalk to the alley. The crossing over the sidewalk is also paved. There was some evidence that the bottom of the gutter had previously been worn down and become defective and that defendant had caused it to be repaired; but there was also evidence that it had again got out of repair. There was no curbing across the said driveway between the street and the sidewalk. Notwithstanding the said gutter may have been in an unsafe condition, yet if plaintiff drove his wagon wheel upon the curbing, which was shown to have been constructed up to the side of the driveway into the alley, he certainly was not entitled to recover as his suit was based upon the defendant's negligence in maintaining an unsafe way into the alley in the nature of a defective and dangerous gutter. Defendant insists that plaintiff's own testimony shows that he drove his wagon wheel upon said curbing and that was the cause of his injury. His evidence on that point on his examination in chief was as follows:

"I was driving into Neosho with a load of wheat to go to the Valley Mill Exchange there and as I was turning in there, there was a gutter there, and as I drove in there it made a chuck and one wheel hit before the other and it threw me off and the wagon run over my arm and broke it," etc.

On cross-examination, after stating that he let go of the lines when he fell off the wagon he was asked:

"I will ask you if it didn't go down with a sudden jerk, that it went down rapidly when it went down into this place?" To which he replied: "One wheel dropped in before the other did in the hole." Q. "The wheel that dropped into the gutter, was that thrown around to hit the side of the wagon—this wheel that dropped into the gutter, the left front wheel—did it throw the wheel around so as to hit the side of the wagon bed?" A. "It hit the bank and the other wheel dropped in."

There was evidence tending to show also that there was from ten to eighteen inches wash or wear in the bottom of the gutter itself. Plaintiff's statement, as we understand it, that while one of the fore wheels of the wagon was upon the bank at the time the other went down into the gutter which caused the jar resulting in his fall does not necessarily imply that the bank was the curbing, as defendant contends. As the wagon was not being drawn at an acute angle across the street and sidewalk, one wheel would necessarily go into the bottom of the gutter while the other would be on the bank of the depression.

From statements made by appellant's attorney, and his insistence that plaintiff failed to make any case whatever because at the time mentioned one wheel of his wagon was upon the curb at the side of the drive-way, we may infer that he may be correct as to his understanding of the actual *locus in quo* and that the mishap could have occurred in no other way. But defendant in this respect is not supported by the record. We have given all of plaintiff's evidence as to that point as presented by defendant's abstract, and while it was somewhat indefinite yet it was sufficient to support a verdict. And as the case is to be reversed upon another ground, opportunity will be afforded at another trial to have the facts of the case so fully presented that

there will be no room left for future controversy as to the *locus in quo* and the manner of plaintiff's injury.

The first instruction given for the plaintiff against the objection of defendant told the jury that "it is the duty of the defendant to keep its streets and highways in a reasonably safe condition for travel in the ordinary modes of traveling, and if it fails to do so after having notice thereof, expressed or implied, of any defect, it is liable for any injuries sustained in consequence of such failure; provided the party injured exercises *reasonable care and caution*, and if you find that the defendant was negligent, and that its negligence caused plaintiff's injuries, if he was injured, then the fact that the plaintiff may in some way have contributed to the injuries by him will not prevent the recovery if by ordinary care he could not have avoided the consequence to himself of defendant's negligence; and if you believe from the evidence that Washington street was in the city of Neosho, and that the same was a public street or highway in the city of Neosho, and that plaintiff was hurt at a point on said street where the alley running east and west through block seven (7) in said city intersects said street and that at such point said street and the gutter thereof was out of repair and in an unsafe condition for travel by a person with a wagon and team, *exercising reasonable care and caution* and that the defendant, its agents and servants knew of such defect or that such defect, if any, had existed for such a length of time as by reasonable diligence in the performance of their duty the defect ought to have been known by the agents and servants of said city, and that by reason of such street being in an unsafe condition and out of repair the plaintiff was thrown out of his wagon in which he was riding and injured, without negligence on his part, then you should find for the plaintiff."

Although there was a defect in defendant's street, yet there was no liability for the plaintiff's injury

caused thereby unless the former had notice of the defect *and was afforded a reasonable* opportunity to repair it before the happening of the injury. If it had notice of the defect, but before a reasonable opportunity was afforded it to repair same an injury resulted, there could be no liability. This instruction did not tell the jury, as it should, that the defendant was entitled to a reasonable time or opportunity to repair the defect after notice of its existence, and for this omission it is erroneous. [Richardson v. Marceline, 73 Mo. App. 360; Plummer v. Milan, 79 Mo. App. 439; Badgley v. St. Louis, 149 Mo. 122; Baustian v. Young, 152 Mo. 317; Young v. Webb City, 150 Mo. 342; Maus v. Springfield, 101 Mo. 613.]

The evidence shows that plaintiff was injured on July 12 and that some time in the preceding month of June the attention of the defendant's street commissioner was called to the defective condition of the gutter in the street at the place where plaintiff was afterwards injured, and that such street commissioner found on examination that, "it had washed out and got worn with wagons crossing," and so he then "filled it up level with the scales of rock" and thus repaired the street, leaving it, as he testified, "in good shape." Now if the gutter in consequence of the much use to which it was subjected by reason of numerous loaded wagons passing over it in going to and returning from the mill situate further along on the alley had again got out of repair between the time the commissioner repaired it and that of the accident, as the evidence tended to prove, there was no evidence that the defendant had either actual or constructive notice of such defect a sufficient length of time before the happening of the plaintiff's injury to afford it a reasonable opportunity to repair such defect. In view of these facts we can not think the defendant's negligence was properly submitted to the jury.

This instruction further told the jury that the

plaintiff was required to exercise "reasonable care and caution," and by its fourth the jury were also further told that the plaintiff in passing over the street was required to exercise "such care and prudence as an ordinarily prudent person would, under like circumstances and in his physical condition;" and by its fifth, that if at the time of the injury he was using such care as might reasonably be expected from an ordinarily prudent person under the circumstances, then the jury must find that he was exercising reasonable care.

By the defendant's twelfth instruction the court told the jury that even if it found the street at the gutter was in a reasonably safe condition for persons in normal condition by the exercise of ordinary care and in the usual way of crossing the same, yet if it further found that plaintiff's left arm was paralyzed, or the muscles had perished, and that he was thereby crippled' and not as able to handle a team as a person in good health, it was the duty of plaintiff to exercise more care than a person in good health should exercise.

We are of the opinion that the plaintiff's instructions in respect to the care required of him in driving over the defendant's street at the place where the injury happened in view of the evidence was subject to criticism, but when read and considered in connection with that of defendant we think in their entirety they correctly express the law of the case. [Fusili v. Railroad, 45 Mo. App. 537; Smart v. Kansas City, 91 Mo. App. 586.] The latter qualify and explain the former and in their entirety fully enlightened the jury in respect to the measure of care that was required of plaintiff at the time of the happening of the injury whether his physical condition was found to be normal or abnormal.

Because of the error in the plaintiff's first instruction the judgment must be reversed and cause remanded. All concur.