SALLIE A. BALLARD, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, October 7, 1907.

**MUNICIPAL CORPORATIONS:** Defective Sidewalk: Notice: Instructions: Repairs. Certain instructions authorizing a recovery for injuries resulting from defective sidewalks are condemned, since they fail to give the municipality a reasonable time to repair after notice of the defect.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED AND REMANDED.

*Edwin C. Meservey,* City Counselor, and *Francis M. Hayward,* Associate City Counselor, for appellant.

The court below erred in giving instructions 2P. and 3P, asked by plaintiff because such instructions did not inform the jury that defendant was entitled to a reasonable opportunity after knowledge of the defect and before the injury to plaintiff in which to repair the sidewalk. Richardson v. Marceline, 73 Mo. App. 360; Maus v. Springfield, 101 Mo. 693; Badgley v. St. Louis, 149 Mo. 122; Ball v. Neosho, 109 Mo. App. 683.

*Hamner, Hamner & Calvin* for respondent.

Instructions 2P and 3P, complained of, were each before this court before and were held good, and it is a correct declaration of the law, time honored, and used in every case in the exact words as here given, and contains every element appellant claims lacking therein.

JOHNSON, J.—This cause was here on a former appeal taken by defendant and was reversed and remanded for error in the instructions (Ballard v. Kansas City, 110 Mo. App. 391). On a retrial, plaintiff again

prevailed and defendant again appealed. Plaintiff claims she was injured by tripping over a loose board in a sidewalk maintained by defendant on one of its public thoroughfares and that defendant negligently permitted the defect to remain after it should have been repaired had reasonable care been exercised. Her witnesses testify that the board had become detached as the result of natural decay and variously give the beginning of the detachment at from one month to two years before the date of injury, while the witnesses for defendant deny the existence of a loose board at the place where plaintiff claims she fell, and state that the sidewalk had been thoroughly repaired about one month before the injury.

On behalf of plaintiff, the court instructed the jury, in part, as follows: "2P. The court instructs the jury that if you believe from the evidence that on or about the third week in May, 1900, plaintiff, together with a companion, was walking on and along the sidewalk on the east side of Agnes avenue in Kansas City, Missouri, at a point in front of the house numbered 1827 Agnes avenue, and that while so walking plaintiff's companion stepped on one end of a board in said walk, and that the said board was supported by a rotten and decayed stringer, and said board went down on one side and up on the other, and that plaintiff, without fault on her part, was by reason thereof, thrown to the ground and received the injuries complained of, if you believe she was thrown to the ground and injured in the manner detailed to you in the evidence, and that said walk at said point was not reasonably safe for public travel and for pedestrians passing thereover, and that defendant knew, or by the exercise of ordinary care and caution might have known, of said defects therein, if any, in time to have repaired the same and made the same reasonably safe for travel thereon for pedestrians passing thereover, and negligently failed to do so before the happen-

ing of the injuries, if any, to plaintiff, your verdict will be for the plaintiff."

"3P. The court instructs the jury that if the sidewalk in question was out of repair and remained so for such length of time that the public authorities of the city having charge thereof, in the exercise of reasonable care and prudence should, before the third week of May, 1900, have discovered the fact and repaired said walk, then actual notice to such authorities of the condition of the walk will not be necessary to hold the city liable for injury, if any, sustained by plaintiff in consequence of the dangerous condition of the sidewalk, if it was dangerous, if plaintiff was using reasonable care to avoid such injury. You will consider this instruction in connection with instruction 2P and to find for plaintiff, you must find all the facts stated in instruction 2P."

Liability in a case of this character can arise only from negligence in not repairing the defect within a reasonable time after the city had actual notice thereof, or by the exercise of reasonable care and diligence might have received such notice. The instructions under consideration fail to tell the jury that defendant was entitled to a reasonable time after the reception of actual or constructive notice in which to repair the defect and, for that reason, are erroneous. [Richardson v. City of Marceline, 73 Mo. App. 360; Plummer v. City of Milan, 79 Mo. App. 439; Ball v. Neosho, 109 Mo. App. 683; Maus v. City of Springfield, 101 Mo. 613; Badgley v. St. Louis, 149 Mo. 122; Young v. Webb City, 150 Mo. 333; Baustian v. Young, 152 Mo. 317.] Considering the conflict in the evidence relating to the existence of the defect, we must assume the error was prejudicial and as it was not cured in other instructions given (as was the case in Richardson v. City and Plummer v. City, supra), the judgment cannot be permitted to stand.

No other error appears in the record. The judgment is reversed and the cause remanded. All concur.