## HATTIE M. KINGSLEY, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 27, 1912.

1. **NEGLIGENCE: Evidence: Injured on Sidewalk.** In an action for personal injuries it is reversible error to permit plaintiff to prove the number and ages of the members of his family, unless such evidence is pertinent to one of the issues contested by the parties.

2. ———: ———: **Condition of Health.** Where it is contended that the condition of plaintiff's health was not due to her injury but to the congenital imperfection and weakness of her procreative organs or to some disease, then it is proper to show her previous good health and that she had borne healthy children.

3. ———: **Misconduct of Counsel: Rebuke by Court.** Attorneys should keep their flights of eloquence and their invectives and insinuations within the limits of the issues of the case, and where they transgress such bounds the trial court should administer a fitting rebuke—one that would cure the error.

4. ———: **Instructions: Time to Repair.** An instruction which correctly defines the rule giving municipalities reasonable time after receiving actual or constructive knowledge of a defect, in a sidewalk, in which to make the necessary repairs, is not erroneous.

5. ———: **Verdict not Excessive: Injuries Permanent.** A verdict for five thousand dollars is not excessive where the evidence shows plaintiff, a woman forty-one years old in previous good health, was injured in a most painful and serious manner and will be a pain-racked invalid the rest of her life, afflicted with an offensive, annoying and humiliating malady.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*John G. Park, J. W. Garner* and *F. M. Hayward* for appellant.

(1) The court below erred in admitting evidence of the number and ages of plaintiff's children. Williams v. Railroad, 123 Mo. 573; Stephens v. Railroad, 96 Mo. 217; Dayhard v. Railroad, 103 Mo. 570; Mahoney v. Railroad, 108 Mo. 191; Railroad v. Powers, 74 Ill. 341; Shaw v. Boston, 8 Gray (Mass.) 45; Railroad v. Books, 57 Pa. St. 339; Crouse v. Chicago, etc., 102 Wis. 196; Penn. Co. v. Roy, 102 U. S. 451. (2) The court erred in permitting counsel for respondent without rebuke to assert to the jury that it was the duty of counsel for appellant to win the case by any means he could. Gibson v. Zeibig, 24 Mo. App. 65; Norton v. Railroad, 40 Mo. App. 642; McDonald & Co. v. Cash, 45 Mo. App. 66; Ensor v. Smith, 57 Mo. App. 584; Thompson v. Bernays, 85 Mo. App. 575; Harper v. Telegraph Co., 92 Mo. App. 304; Schutte v.

Transit Co., 108 Mo. App. 21; Beck v. Railroad, 129 Mo. App. 24. (3) The court erred in giving instruction 1-P in not instructing the jury that defendant was entitled to a reasonable time after knowledge of defect in the sidewalk to repair such sidewalk. Pearce v. Kansas City, 156 Mo. App. 230; Ballard v. Kansas City, 126 Mo. App. 541; Richardson v. Marceline, 73 Mo. App. 360; Plummer v. Milan, 79 Mo. App. 439; Ball v. Neosho, 109 Mo. App. 683; Maus v. Springfield, 101 Mo. 613; Badgley v. St. Louis, 149 Mo. 122; Young v. Webb City, 150 Mo. 333; Bautian v. Young, 152 Mo. 317. (4) The verdict is excessive, the result of passion and prejudice. Collins v. Jamesvill, 107 Wis. 437.

*Brewster, Kelley, Brewster & Buchholz* for respondent.

JOHNSON, J.—Plaintiff recovered a judgment for $5000, for personal injuries she alleges in her petition were caused by the negligence of defendant in failing to maintain a public sidewalk in reasonable repair. Defendant appealed and its counsel attack the judgment on four grounds, viz.: *first,* that the court erred in admitting evidence of the number and ages of plaintiff's children; *second,* that the court allowed improper remarks to the jury made in the closing argument of plaintiff's counsel to stand unrebuked; *third,* that the first instruction given at the request of plaintiff was erroneous in not allowing defendant a reasonable time to repair the alleged defect after receiving actual or constructive knowledge of its existence; and, *fourth,* that the verdict is so excessive as to compel the conclusion that it is the product of passion and prejudice. The injury occurred at night February 15, 1910, on the sidewalk on the east side of Washington street between Seventh and Eighth streets in Kansas City.

Plaintiff, a stout woman forty-one years old, was walking on the sidewalk in the company of her husband, when she stepped in a hole caused by the absence of brick that had become loose and displaced and fell heavily to the sidewalk, sustaining the injuries of which she complains. The evidence of plaintiff tends to show that the defect had existed for more than three months and that the city had been given actual notice thereof before the injury in ample time to have repaired the place had reasonable care been exercised. Before the injury plaintiff weighed 189 pounds, was strong and in good health and had borne three children, the youngest of which was ten years old. Her fall produced no broken bones but severely bruised her back and hips. She was carried into her home which was nearby and on the way exhibited symptoms of severe shock. She had a profuse hemorrhage from the uterus and it was found afterward that this organ had become retroverted and inflamed and that other internal organs, the ovaries, Fallopian tubes and kidneys, were inflamed, swollen and diseased. In addition to the great pain caused by such condition, incontinance of urine has resulted. The expert evidence of plaintiff is to the effect that this condition is permanent, can be relieved only by a major operation of the gravest nature and that if unrelieved, plaintiff will be a hopeless invalid the remainder of her life.

The evidence of defendant pictures the condition of plaintiff in far less gloomy colors and there is expert evidence tending to show that her ill health is not the result of traumatism but is due to climacteric or organic causes or to the ravages of disease. Defendant endeavored to prove that plaintiff had suffered three miscarriages before her injury, was in ill health and was undergoing one of the important sexual changes peculiar to women. A deposition of plaintiff taken by defendant before the trial was read in evidence and discloses that defendant's counsel inter-

rogated plaintiff about the number and ages of her children and the state of her health prior to the injury. In the cross-examination of plaintiff at the trial counsel for defendant asked, "How many miscarriages had you prior to this? A. I had none. Q. Didn't you have three? A. No, sir. Q. Never had any miscarriages prior to this accident? A. Never did."

We quote from the testimony of a physician appointed by the court to examine plaintiff, elicited by counsel for defendant:

"Now, Doctor, I will ask you to state from your examination of her and the conditions that you found there what did you determine as to the conditions there and the length of time and so on? A. Well, I found a condition that could come from a considerable number of causes, and as to the length of time, no one could really honestly say. Q. Did it look like it was one of long standing or not? A. More than likely to be. Q. You said it could have come from many causes. What were those causes? A. Inflammation following child bearing, miscarriages, gonorrhea, and other infections of the womb. Q. Could the conditions you have found there come from even uncleanliness? A. I think not."

"In the direct examination of plaintiff she was asked, "How many children have you? A. Three. Q. Are they living? A. Yes, sir. Q. Are they single or married? A. One of them is married."

Defendant objected and moved that the testimony be stricken out. Counsel for plaintiff said, "I want to ask it bearing upon the condition of her health." The court overruled the objection and motion and that ruling is the subject of the first point urged by defendant for a reversal of the judgment.

The rule is well settled in this state that in an action for personal injuries it is reversible error to permit the plaintiff to prove the number and ages of

the members of his family. [Williams v. Railway, 123
Mo. 573; Stephens v. Railroad, 96 Mo. 207; Dayharsh
v. Railroad, 103 Mo. 570; Mahaney v. Railroad, 108
Mo. 191.] The reason of the rule is apparent. Ordi-
narily such evidence is irrelevant to any issue in the
case and the only purpose it could have would be to
excite and inflame the jury and thereby to enhance
the assessment of damages. But the rule should not
obtain in cases where such evidence is pertinent to
one of the issues contested by the parties. Defend-
ant tendered the issue that plaintiff's condition of ill
health was not due to her injury but to the congenital
imperfection and weakness of her procreative organs
or to some disease. The attempt to show that repeat-
edly she had suffered miscarriages was addressed to
this issue as was the expert evidence that her condi-
tion might have been caused by a natural or diseased
affection of her organs that would manifest itself by
the inability to bear children. The facts, if they were
facts, that she had been in apparent good health and
had borne healthy children, had a direct bearing on
the issue we are discussing, since they tended to show
that her genital organs were normal and healthy at
the time of her injury. The evidence was properly
admitted.

In his closing argument to the jury one of plain-
tiff's counsel said, in substance: "Whenever any city
employee has been guilty of negligence it then becomes
the duty of Mr. Garner as the representative of the
legal department of the city to proceed to win his
case by any means he can." Counsel for the city
said: "I object to that statement, if your honor please,
and ask that the jury be discharged on account of it."

Counsel for plaintiff: "What statement?"

Counsel for defendant: "That it is Mr. Garner's
duty to win a case by any means that he can, as being
entirely improper. There has not been any effort

made here or anything to indicate anything of the kind.''

Counsel for plaintiff: ''It seems to me that is a frivolous objection.''

Counsel for defendant: ''I object to that statement, that an objection that I make is a frivolous objection, and I again renew the motion to discharge the jury on account of the misconduct of both the Mr. Brewsters.''

The court: ''Overruled.''

It is the duty of attorneys to keep their flights of eloquence and their invectives and insinuations within the limits of the issues of the case and where they transgress such bounds the trial court should administer a fitting rebuke—one that would cure the error. As to what constitutes a transgression something must be left to the discretion and judgment of the trial judge who hears the utterance and can note its apparent effect on the minds of the jury. Evidently the learned trial judge did not think the language called in question was intended to convey an insinuation of impropriety on the part of the counsel for the defendant or was understood by the jury as impugning reprehensible conduct. Counsel for defendant was entirely too sensitive and too keen to put an evil construction on an expression the context shows was innocently uttered.

We find the objection to the first instruction given at the request of plaintiff is not well founded. The jury were instructed that ''if they find and believe from the evidence that the defendant knew, or by the exercise of ordinary care, could have known of said dangerous and unsafe condition of said sidewalk, if the jury believe from the evidence that the condition of said sidewalk was dangerous and unsafe in time, by the exercise of ordinary care, to have repaired said sidewalk,'' etc.

This was a correct definition of the rule which gives a municipality reasonable time after receiving actual or constructive knowledge of the defect in which to make the necessary repairs.    [Pearce v. Kansas City, 156 Mo. App. 230; Ballard v. Kansas City, 126 Mo. App. 541; Richardson v. Marceline, 73 Mo. App. 360; Plummer v. Milan, 79 Mo. App. 439; Ball v. Neosho, 109 Mo. App. 683; Maus v. Springfield, 101 Mo. 613; Badgley v. St. Louis, 149 Mo. 122; Young v. Webb City, 150 Mo. 333; Baustian v. Young, 152 Mo. 317.]

We do not believe the verdict is excessive.    If plaintiff's evidence is to be believed, and its credibility was an issue for the jury to determine, she was injured in a most painful and serious manner and the consequences of her injury are such that she will be a pain-racked invalid the rest of her life, afflicted with an offensive, annoying and humiliating malady.    For such injuries the assessment of damages given in the verdict is not too great.

The judgment is affirmed.    All concur.