————o————

GEORGE MARKET, Appellant, *vs.* THE CITY OF ST. LOUIS, Respondent.

1. *Damages—Street gutter out of repair—Injuries to team in crossing—Notice to authorities of state of street, etc.*—Where a street gutter was washed away and a mule team which was compelled to cross received damage in consequence, and the evidence showed that the street had been in that condition for two months *held,* that the city was liable, although not notified that the street was out of repair.

*Appeal from St. Louis Circuit Court.*

*Smith P. Galt,* for Appellant.

*E. P. McCarty,* for Respondent, cited in argument: Mayer vs. Sheffield, 4 Wal., 195; Dillon on Municipal Corporations, § 790, p. 759-60-61; Cole vs. Village of Medina, 27 Barb., 218;

Peck vs. Same, 32 Barb., 134; Hart vs. City of Brooklyn, 36 Barb., 229 ; Van Dyke vs. Cincinnati, 1 Dis. 737–8 ; McGinity vs. City of New York, 5 Duer., 674.

NAPTON, Judge, delivered the opinion of the court.

This action was brought to recover the value of a mule alleged to have been injured in driving over Second street, by reason of a ditch on the south side of Cass Avenue, alleged to have been left in an unsafe condition by the negligence of defendant.

There was no question that the ditch was washed out and unfit for crossing, and that plaintiff's wagon in crossing the ditch or gutter, suddenly sank into it so that the pole of the wagon was thrown upon one of the four mules in the team and broke his leg.

There was no question that this gutter had been out of repair for a month or so, before this accident, and that plaintiff knew of the unsafe condition of the crossing.   The plaintiff was engaged in hauling coal to a manufacturing establishment, situated on Second street, just south of Cass Avenue. This place was accessible by another route, but it does not appear that the plaintiff was advised of any other way of getting his coal to the place of delivery than the route he took. The city authorities were not advised of the bad condition of this gutter until a day or two before the accident, and repairs were made on the day succeeding.

Upon the evidence the court instructed the jury that the plaintiff was not entitled to recover unless the defendant (the city) was notified of the unsafe condition of said gutter and neglected to repair it in a reasonable time thereafter.   Notwithstanding this instruction the jury returned a verdict for plaintiff.

Of course, where a street is out of repair from a casual rainstorm or any other sudden and unforseen violence, the city cannot be held responsible for accidents occasioned by such sudden occurrences, until the authorities have had a reasonable time to make the necessary repairs.   But if a reasonable time has elapsed, as was the case here, where the defect

continued for two months, no express notice is necessary. (Regner vs. The City of Rochester, 45 N. Y., 136.)

That the plaintiff was aware of the unsafe condition of this crossing is no answer to the action, if he was obliged to travel that street in order to deliver the coal. The evidence was that the entrance to Second street from the street south of Cass Avenue was worse than the one attempted to be crossed by the plaintiff; so that the plaintiff was reduced to the necessity of selecting between two bad crossings, and selected the one he considered the best, although his two-horse wagon had been broken there the week before.

It appears that there was an entrance to this manufactory from Main street, of which the plaintiff was ignorant, and it seems that the proprietor of the oil works where the coal was delivered addressed a letter to the city engineer on this subject, which, however, was not attended to until after the injury to plaintiff's mule.

The General Term reversed the judgment at Special Term, doubtless because the verdict was against the instructions. The instruction was very favorable to defendant, more so than the law justified, for we do not think any notice necessary where there has been a standing nuisance in a public street for two months.

The judgment of the General Term is therefore reversed, and the judgment at the Special Term affirmed.