97  151
70a 607

SHONHOFF v. JACKSON BRANCH RAILROAD COMPANY,
*Appellant.*

1.  **Railroad : EXCAVATION IN HIGHWAY.** It is the duty of a railroad company, when, in order to construct its roadbed, it makes an excavation across a public highway, to so protect and guard the same as to prevent injury to persons passing and exercising ordinary care.

2. ———— : ————. But this rule of law does not dispense with the obligation resting upon all persons using the highway to exercise ordinary care to avoid injury. One who negligently drives into such an excavation cannot claim damages because it had been left unguarded.

*Appeal from Cape Girardeau Court of Common Pleas.*
                      · Hon. R. L. Wilson, Judge.

Reversed and remanded.

THIS action is for personal injuries sustained by plaintiff by the alleged negligence of defendant in excavating a cut through a public highway at Jackson, Missouri, in the course of the construction of its railroad, and in leaving the cut unguarded and unprotected, in consequence of which plaintiff, while travelling the highway after dark in a buggy, fell in. The answer was a denial and plea of plaintiff's contributory negligence, which was, in turn, put in issue by a reply.

At the trial there was evidence tending to support the plaintiff's cause of action and other evidence supporting the defense thereto. There was sufficient testimony to sustain a finding in favor of either.

Among the instructions given by the court was the following:

"The court instructs the jury that the law imposes upon every one travelling upon public highways the use of ordinary care and prudence, and that, although you may find, from the evidence, that plaintiff fell over an embankment made in the gravel road by defendant in constructing its railroad, yet if you shall further find, from the evidence, that plaintiff at the time was guilty of negligence and did not use ordinary care and prudence in driving, and that such negligence and want of ordinary care contributed in causing the accident by which plaintiff claims to have been injured and damaged, the plaintiff cannot recover, *unless you should further find that defendant could have prevented said*

*damage by care and diligence in erecting and maintaining safeguards or lights to give warning of danger.*"

The words we have italicized in this instruction were added ( against the exception of appellant ) by the court of its own motion, the residue having been requested by appellant.

There was a verdict for respondent, and after the proper steps for review, the case was brought here by appeal.

*Thos. J. Portis* for appellant.

The fourth instruction given by the court of its own motion was erroneous.   The italicised words with which it concludes eliminates the doctrine of contributory negligence from the jurisprudence of this state.   No recovery can be had in an action for damages for injury to the person when the negligence of the plaintiff mingles with that of the defendant as a direct and proximate cause of the injury. *Nolan v. Shickle,* 69 Mo. 336 ; *Melburn v. Railroad,* 86 Mo. 109 ; *Buesching v. Gas Co.,* 73 Mo. 229 ; *Craig v. Sedalia,* 63 Mo. 417 ; *Turner v. Railroad,* 74 Mo. 602 ; *Ashbrook v. Railroad,* 18 Mo. App. 290 ; *O'Donnel v. Railroad,* 7 Mo. App. 190.

*J. B. Dennis* for respondent.

The instructions presented the case fairly and correctly to the jury. *Walsh v. Trans. Co.,* 52 Mo. 434 ; *Meyers v. Railroad,* 59 Mo. 223 ; *Owens v. Railroad,* 95 Mo. 169 ; *Railroad v. Hecht,* 17 N. E. Rep. 297 ; *Whalen v. Railroad,* 60 Mo. 323 ; 2 Shear. & Red. on Neg. ( 3 Ed.) 606, 606a and notes.

BARCLAY, J.—I.   In making the excavation necessary for the construction of its railroad across the public highway where the injury occurred, it was the duty of the railway company to so protect and guard the same as to prevent injury and danger to persons passing and

exercising ordinary care.   A failure to observe that duty would render it liable to any one injured in consequence. But this obvious rule of law does not dispense with the obligation resting on all persons using the road to exercise ordinary care on their part to avoid injury.   No one could negligently drive into such an excavation and then claim damages because it had been left unguarded. It is a matter of regret that a contrary rule was declared by the court in the instruction given on its own motion, since the judgment must be reversed on that account, though in the main the cause was, in other respects, correctly tried.

The rule of law announced, in the instruction referred to, is (in brief) that if the jury found that plaintiff at the time did not use ordinary care in the premises and that such negligence contributed in causing his injury, the plaintiff could not recover, unless defendant "could have prevented said damage by care and diligence in erecting and maintaining safeguards or lights to give warning of danger." This instruction permitted a verdict for respondent even though the jury found him grossly negligent at the time of the injury. The facts and circumstances of the present case are not such as justify the application of that principle.   A person injured by falling into an excavation in a public highway, in such a case as is here presented, cannot recover unless he exercised ordinary care to avoid the injury.   This has long been the law.   *Butterfield v. Forrester,* 11 East, 60; *Smith v. City of St. Joseph,* 45 Mo. 449 ; *Craig v. Sedalia,* 63 Mo. 417.

II.   As a re-trial will be necessary, it may properly be remarked that the first instruction given for plaintiff would be improved by adding, as a fact to be found, that plaintiff, at the time of, and just before the injury, was exercising ordinary care.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.   The other judges concur.