Maus v. The City of Springfield.

MAUS, *Appellant*, v. THE CITY OF SPRINGFIELD.

1. **Negligence: CITY: REPAIR OF STREETS.** A city charged with the duty of keeping its highways in repair, and having means provided by taxation to discharge it, will be liable for negligence in its performance, if injury results.

2. ——: ——: PROOF OF STREET. Actual possession by the city and user by the public are sufficient to show that the place is a street without proof of formal dedication.

3. ——: ——. A city is bound to keep its streets in condition of reasonable safety by night as well as by day.

4. ——: ——: NOTICE OF DEFECT IN STREET. Notice on the part of the city of a defect in a street may be inferred from long continuance thereof.

5. ——: ——. Failure to repair such defect after notice and reasonable opportunity to do so is evidence of negligence.

| | |
|---|---|
| 101 | 613 |
| 103 | 181 |
| 105 | 557 |
| 101 | 613 |
| 50a | 108 |
| 101 | 613 |
| 114 | 572 |
| 54a | 109 |
| 101 | 613 |
| 56a | 211 |
| 101 | 613 |
| 124 | 355 |
| 60a | 605 |
| 101 | 613 |
| 62a | 388 |
| 62a | 457 |
| 101 | 613 |
| 130 | 284 |
| 101 | 613 |
| 67a | 347 |
| 101 | 613 |
| 70a | 608 |
| 101 | 613 |
| 141 | 436 |
| 143 | 202 |
| 73a | 365 |
| 101 | 613 |
| 150 | 342 |
| 101 | 613 |
| e156 | 71 |
| a156 | 72 |
| a156 | 73 |
| 101 | 613 |
| 95a | [4]196 |
| 99a | [2]700 |

6. ———— : ————. Knowledge of such defect by a pedestrian injured thereby is not necessarily a bar to recovery, where the defect is not of such nature as to render the use of the street necessarily dangerous to a person ordinarily careful.

7. ———— : ———— : CONTRIBUTORY NEGLIGENCE. It cannot in such action properly be declared as a matter of law that plaintiff failed to exercise ordinary care unless the facts in evidence exclude any other fair and reasonable inference on the subject.

8. ———— : ————. The issue of contributory negligence on the facts was for the jury.

*Appeal from Greene Circuit Court.*—Hon. W. D. Hubbard, Judge.

Reversed and remanded.

This is an action for personal injuries sustained by plaintiff by reason of the alleged negligence of defendant, the city of Springfield, in permitting one of its street crossings to remain in a dangerous and unsafe condition, after due notice thereof.

The pleadings need not be specially noted. They raise the issues of negligence on the part of defendant, with regard to the condition of the street-crossing, and of the contributory negligence of plaintiff.

At the trial plaintiff was obliged to take a nonsuit with leave in consequence of the court's ruling that he could not recover. The court afterwards refused to take off the nonsuit whereupon plaintiff appealed, after the usual preliminaries.

For the purposes of this hearing the following is a sufficient outline of the evidence submitted by the plaintiff.

The alleged defect in the street was upon the cross-walk, in prolongation of the sidewalk on Phelps avenue ( a much frequented thoroughfare ) at the intersection of Benton avenue. It consisted of a gap some twelve or fifteen inches deep and two feet wide, extending across the usual traveled footway at that point.

On one side of this gap was a stone slanting downward toward it for some four or five inches at an angle of about twenty-two degrees. The opening had·formerly been covered by a large flat stone but it had not been there for at least three months before this accident. Plaintiff had been over the crossing often and had observed its condition.

The injury occurred one dark and cloudy night in December, while plaintiff was passing that way along the crossing on an errand of business. He missed his footing in attempting to step·across the gap from the slanting stone to that opposite, fell into the mud and against a fire plug, breaking some ribs and sustaining other injuries.

It appeared that plaintiff had one hand in his pocket when he fell, and that he might have gone to his destination by another route.

*Geo. S. Rathburn* for appellant.

(1) The court erred in taking the case from the jury. The question of contributory negligence is a question for the jury. *Fink v. Furnace Co.*, 10 Mo. App. 61; *Brennen v. City of St. Louis*, 92 Mo. 482. It is usurpation for the trial court to take such an issue from the jury. *Cook v. Railroad*, 19 Mo. App. 329; *Petty v. Railroad*, 88 Mo. 306; *Drain v. Railroad*, 86 Mo. 574; *Tabler v. Railroad*, 93 Mo. 79; *Norton v. Ittner*, 56 Mo. 351. (2) The fact that Maus knew of the defect in the crossing is not conclusive evidence of negligence on his part. It is only necessary for him to prove ordinary care to avoid the accident, and he is not obliged to abandon a convenient route of travel on account of it. *Buesching v. Gaslight Co.*, 73 Mo. 219, and cases cited, and 77 Mo. 431; *Russell v. Columbia*, 74 Mo. 480. (3) The traveler is not required to abandon an accustomed way of travel in a city because of dangerous excavations. He is only required under

such circumstances to use ordinary care. *Smith v. St. Joseph*, 46 Mo. 449 ; Thompson on Negligence, pp. 1203, *et seq. ; Loewer v. City of Sedalia*, 77 Mo. 431. Whether plaintiff was guilty of contributory negligence was a question for the jury. 77 Mo. 431. (4) The third instruction given for plaintiff in *Loewer v. Sedalia*, 77 Mo. 431, correctly declared the law of this case. See, also, *Stephens v. Macon*, 83 Mo. 355 ; *Barton v. Springfield*, 110 Mass. 131 ; *Snow v. Provincetown*, 12 Mass. 580. (5) The demurrer to the evidence should have been overruled.

*Goode & Cravens* for respondent.

(1) The demurrer to the evidence was properly sustained because plaintiff's own testimony shows he was guilty of contributory negligence which contributed to his injury ; the gutter into which he stepped is not such a defect as will sustain the charge of negligence against the city ; besides whatever hazard there was in crossing the gutter was voluntarily assumed by plaintiff, he being well acquainted with the place. *Buesching v. Gaslight Co.*, 73 Mo. 219 ; *Powell v. Railroad*, 76 Mo. 83 ; *Lenix v. Railroad*, 76 Mo. 86 ; *Taylor v. Railroad*, 86 Mo. 457 ; *Zimmerman v. Railroad*, 71 Mo. 476. (2) "If one is possessed of positive knowledge that the defect is dangerous, and in addition to this circumstance that there is another and safer way, no recovery can be had for an injury to person or property from an attempt to pursue the dangerous course." *Centralia v. Krouse*, 64 Ill. 19 ; *Lovenguth v. Bloomton*, 71 Ill. 238 ; *Wilson v. Charleston*, 8 Allen, 137 ; *Durkin v. Troy*, 61 Barb. 437 ; *Schoeffler v. Sandusky*, 33 Ohio St. 246 ; *Township v. Kaig*, 84 Pa. St. 230.

BARCLAY, J.—In the argument it is conceded that the defendant being charged by its charter with the duty to keep its highways in repair, and having ample means provided by the taxing power to discharge it,

would be liable for neglect to perform that duty, on a proper showing. But defendant claims ( and the trial court held ) that no such showing has been made.

To establish the character of the locality, where the injury occurred, as part of a public street, nothing more was essential than to show that it was in actual possession of the city and open to, and used by, the public as a thoroughfare at the time. This plaintiff did. It was not necessary to prove any formal dedication or appropriation of the street.

That defendant was bound to exercise ordinary care to keep the place in question ( as well as other portions of its traveled streets ) in a condition of reasonable safety for the use of the public by night as well as by day is a proposition too clear to require discussion.

We consider the evidence offered by plaintiff ( of which the substance is presented in the statement accompanying this opinion ) as tending to establish a breach of that duty.

It appeared that there was a considerable gap in the traveled cross-walk ; that the place was totally dark, and that plaintiff, in endeavoring to pass over it, slipped, fell and was injured. It further was shown that the gap referred to had been in existence at least three months and was readily noticeable.

Exactly what length of time would furnish evidence of notice to the municipal authorities of such a defect would be difficult to say. " Five to twenty days " was held sufficient in a recent decision (*City of Griffin v. Johnson* ( 1890 ), 10 S. E. Rep. 719 ), and three months in another ( *Tice v. Bay City* ( 1889 ), 44 N. W. Rep. 52 ), and two months in another ( *Market v. St. Louis* ( 1874 ), 56 Mo. 189 ). The circumstances of each case must be considered with reference to the nature of the defect in question. In that now before us we think the evidence was sufficient to fairly justify the inference that defendant had timely notice of the defect, and, therefore, tended to prove that fact.

Failure to repair a defect in a traveled public street, after notice and reasonable opportunity to do so, is evidence of negligence on the part of the city.

We are of opinion that there was a case made in this instance for the submission of that issue to the jury.

II. From the record and briefs of counsel we infer that the trial court regarded plaintiff as chargeable with contributory negligence in the premises, and for that reason forced him to a nonsuit. In so doing we think there was error.

It cannot properly be declared as matter of law that plaintiff failed to exercise ordinary care unless the facts in evidence exclude any other fair and reasonable inference on the subject. We do not think such is their effect here.

Plaintiff admits he was aware of the gap or opening in the crossing but the alleged defect in it was not of such nature as to render its use necessarily dangerous to a person ordinarily careful. His knowledge of it was entitled to consideration as bearing on the issue of his negligence, but it was not decisive of that issue nor did it of itself preclude a recovery. *Lowell v. Watertown* (1885), 58 Mich. 568; *Smith v. St. Joseph* (1870), 45 Mo. 449.

That plaintiff stumbled and fell at the point of the alleged break in the cross-walk may be, perhaps, ascribable, as a matter of fact, to his carelessness, but in the circumstances of his position at the time we think negligence cannot properly be asserted of his conduct as a conclusion of law.

The issue of his negligence in the premises should have been submitted to the jury for their finding.

We are all of opinion that the judgment should be reversed, and a new trial granted. It is so ordered.