ELIZA JANE SCHENCK, Respondent, v. THE CITY OF
BUTLER, Appellant.

Kansas City Court of Appeals, May 16, 1892.

1. **Practice, Appellate:** WHEN NO REVERSAL. Where the instructions intelligently and correctly declared the law, and the evidence fully justifies the court in the instructions and the jury in the verdict, there will be no reversal.

2. **Evidence:** PERSONAL INJURY: STREET. In an action for personal injury from a defective sidewalk, it is not necessary to prove any formal dedication of the street; it is enough to show the city's actual possession and use of the street.

3. **Damages:** EXCESSIVE VERDICT. The verdict in this case held not excessive.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*W. W. Graves,* for appellant.

(1) The instruction, in the nature of a demurrer to the testimony offered and asked at the close of plaintiff's case, should have been given. No evidence had been introduced showing or tending to show any formal dedication of Ohio street, and an acceptance thereof by the defendant, by any record of said city; and further no testimony had been introduced showing or tending to show that Ohio street, the place of the alleged injury, was in the actual possession and use of the city, or that the city had by any act upon her part assumed any control over the same, or authorized and sanctioned the use thereof by the public, or that Ohio street was generally used by the public, or even that said

Ohio street was within the corporate limits of said city. Under the pleadings, this proof should have been made and, upon a failure to so do, the instruction should have been given. *Maus v. City of Springfield*, 101 Mo. 617; Elliott's Roads & Streets, pp. 113, 114, 115; *Pierce v. Town of Lutesville*, 25 Mo. App. 321; *City of Mexico v. Jones*, 27 Mo. App. 534; *City of Bloomington v. Graves*, 28 Ill. App. 614; Morrill on City Negligence, pp. 39–60, 194, sec. 5; *Ivory v. Town of Deer Park*, 116 N. Y. 476; *Manderchild v. Dubuque*, 29 Ia. 73; *St. Louis v. St. L. University*, 88 Mo. 155; *Landis v. Hamilton*, 77 Mo. 554; *Price v. Town of Breckenridge*, 77 Mo. 447; *Commonwealth v. Moorehead*, 118 Pa. St. 344, cited in 4 Am. St. Rep. 599; *Board of Supervisors v. Seal*, 66 Miss. 129; 14 Am. St. Rep. 545; *Adams v. Iron Cliffs Co.*, 78 Mich. 271; 18 Am. St. Rep. 441. (2) Under all the evidence in this case the damage is grossly excessive, and the trial court should have sustained the motion for new trial upon this ground, if no other. The verdict under the testimony must have been the result of sympathy, passion, partiality or prejudice. *Adams v. Railroad*, 100 Mo. 569; *Furnish v. Railroad*, 102 Mo. 438; *State v. Primm*, 98 Mo. 368; *Spohn v. Railroad*, 87 Mo. 74; *Whitsett v. Ransom*, 79 Mo. 258; *Garrett v. Greenwell*, 92 Mo. 120.

*W. O. Jackson*, for respondent.

Actual possession by the city and user by the public are sufficient to show that the place is a street without proof of formal dedication. *Maus v. City of Springfield*, 101 Mo. 617. Venue or place may be proved by circumstantial evidence the same as any other fact, and, even in a criminal case, if the evidence raises a violent presumption that the offense for which the prisoner stands charged was committed in the county

where he is tried, it is sufficient.  *State v. Burns*, 48 Mo. 438.

GILL, J.—The plaintiff, Mrs. Schenck, sued the defendant city of Butler for injuries received by her by reason of a defective sidewalk.  She was walking along the sidewalk on Ohio street and stepped into a hole made by a missing plank; was cast down, and, as she claimed, had an injury to her hip, on account of which she suffered, and was suffering, as she testified, at the time of the trial several months after the accident. The plaintiff had a verdict and judgment for $500, and defendant appealed.

I.    After a careful reading of this record, and a consideration of every point made in the brief of the defendant's counsel, we can discover no reason whatever for reversing this judgment.  The instructions of the court intelligently and correctly declared the law; indeed, defendant's counsel in all his ingenuity has failed to point out a single objection thereto, and the evidence fully justified the court in its instructions, and the jury in the verdict.

Something is said about the failure of the plaintiff to prove that Ohio street, where the injury occurred, was one of the streets or thoroughfares of Butler which the defendant was bound to keep in repair.  But there is no merit in the contention.  From the evidence adduced on the part of the plaintiff it sufficiently appears that Ohio street was one of the principal highways in said city; used continually by the public as a thoroughfare at the time and prior to this lady's injuries.  It was not necessary to prove any formal dedication of the street.  It was enough to show that it was in the actual possession of the city, and public, and used as a street.  *Maus v. Springfield*, 101 Mo. 617.

Nor is there any just ground to complain of an excessive verdict. Five hundred dollars was a very. modest amount for the damages, if any credence is to be given the plaintiff's evidence.

The judgment will be affirmed. All concur