Harper v. M., K. & T. R'y Co.

WILLIAM HARPER, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Damages**: GENERAL V. SPECIAL: ALLEGATION: INSTRUCTION. A petition seeking to recover damages for injury to a horse failed to allege special damages for doctoring and loss of service. An instruction allowed recovery for reasonable expenses for doctoring and for loss of service of the horse. *Held*, error.

2. **Railroads**: STREET CROSSING: NEGLIGENCE: PEREMPTORY INSTRUCTION. A railroad may enter a street crossing and tear up the planks and rails for the purpose of repair, but in so doing it should use proper care to protect the traveling public.

3. ———: ———: CONTRIBUTORY NEGLIGENCE. A rider of a horse although he knows of the defective condition of a railroad crossing, is not bound to abandon it unless its use is necessarily dangerous to an ordinarily careful man; but in crossing he should use care to avoid danger.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*W. G. Pendleton* and *Geo. P. B. Jackson* for appellant.

(1) The defendant being by law required to maintain crossings is entitled to an opportunity to do the necessary work to keep them in good condition safe for use by the public, and necessarily must have the right to leave them torn up a sufficient length of time to make repairs in the track and in the crossings. *Mann v. R. R.*, 86 Mo. 347; *Shonhoff v. R. R.*, 97 Mo. 151; *Cohn v. Kansas City*, 108 Mo. 387–393. There was no proof of negligence in the matter of tearing up the

crossing or of leaving it torn up an unreasonable length of time. The boy who rode the horse was guilty of contributory negligence. For these reasons the court should have sustained the demurrer to the evidence at the close of the plaintiff's case. (2) The court erred in the admission of evidence. *First.* There was no allegation in the petition concerning the failure to put up signals, and therefore no warrant for evidence upon that point. *Second.* There was no allegation of special damages, and therefore evidence concerning the incurring of liability for doctors' bills, etc., was improper.

*Russell Harriman* and *W. M. Williams* for respondent.

(1) The public, upon the day of the injury, was constantly using the crossing upon which plaintiff's horse was hurt. There was nothing to indicate to any one that it was not in condition for use. If, in order to repair it, it became necessary to leave for several hours the principal crossing in this town, and during the middle of the day, in an unsafe condition for travel, the defendant should certainly have erected barriers to prevent its use. (2) The plaintiff was not bound to abandon the use of the highway open to the public, for the simple reason that it was known to be out of repair or in a defective condition. *Cohn v. City of Kansas,* 108 Mo. 387–392; *Smith v. City of St. Joseph,* 45 Mo. 449; *Maus v. The City of Springfield,* 101 Mo. 614. (3) The plaintiff's objections to the introduction of evidence can not be sustained. No reasons were assigned for these objections in the trial court, as shown in the record. In absence of specific objections, this court can not review the rulings upon the admission of evidence. *Shelton v. Durham,* 76 Mo. 434; *Davis v. Hilton,*

17 Mo. App. 319; *Ross v. Kansas City*, 48 Mo. App. 440; *Mellor v. R'y*, 105 Mo. 455; *Glenville v. R'y*, 51 Mo. App. 629; *Baston v. Murry*, 94 Mo. 175; *Demetz v. Benton*, 35 Mo. App. 559. (4) The defendant was clearly guilty of negligence. The evidence was plain and undisputed as to that. There was no proof tending to show any negligence in the manner in which the horse was ridden across the railroad track by plaintiff's servant, and where the judgment is clearly for the right party, the court will affirm, regardless of any immaterial matters, which could have no effect upon the result. *St. Clair v. Bradley*, 52 Mo. 180; *Gates v. Sack*, 19 Mo. App. 170.

GILL, J.—This is an action for damages done to plaintiff's horse at a street crossing in the town of Pilot Knob. On the morning of the day the horse was injured, defendant's track men had been repairing the track at the crossing, had taken up some of the plank and put in some new rails. In so doing several of the large spikes used in fastening the rails were left extending above the ties. It seems to have been the intention of the road boss to have another crew which was following to replace the plank and drive in the spikes. But the crossing was left in this condition from the morning to the afternoon with no guards or warning to the traveling public. And while in that condition plaintiff's horse was ridden by a negro boy over the crossing, and one of his feet was caught on one of the spikes and between it and the rail, and he was thrown down and injured.

Plaintiff had judgment below and defendant appealed.

By the court's instruction on the measure of damages, the jury was told, not only to allow for the dif-

Harper v. M., K. & T. R'y Co.

ference, if any, between the value of the horse before and after the accident, but also for "any reasonable expense incurred by the *doctoring*, caring for and *loss of services* of said horse made necessary by reason of such injury." The giving of this instruction was error, in that it submitted to the jury matters of special damage which were neither pleaded in the petition nor any evidence adduced upon which a verdict could be based. The petition alleged and asked for general damages only, and the only testimony relating to the "doctoring" was that a veterinary surgeon was employed; but as to what were his charges, or what such services were reasonably worth, the jury were in no manner advised. Neither was there any evidence as to the value of the horse's services. Since, now, under the evidence, it is doubtful if the horse was materially or permanently injured, and the verdict may be accounted for as recompensing the plaintiff for these so-called special damages, the error above pointed out may be regarded as probably harmful.

*DAMAGES: general v. special: allegation: instruction.*

However, we do not regard this a case where the court should have given a peremptory instruction for the defendant as contended by its counsel. While the defendant is authorized to enter upon the crossings and repair the same, and for that purpose may tear up the planks and rails, yet in so doing due and proper care should be exercised to protect the traveling public (*Shonhoff v. Railroad*, 97 Mo. 151); the unsafe condition of the highway should not be continued longer than reasonably necessary to perform the work, and what is such reasonable time will ordinarily be left to the determination of the triers of the fact. There is here evidence tending to prove negligence in this respect.

*RAILROADS: street crossing: negligence: peremptory instruction.*

Neither was there a clear case of contributory negligence shown on the part of plaintiff's employee who rode the horse. There was, it is true, evidence showing that the boy was aware of the street's condition before he attempted to cross it. The crossing was not, however, in such condition as to render its use necessarily dangerous to a person ordinarily careful. *Maus v. Springfield*, 101 Mo. 613. "A person is not bound to abandon the use of a highway open to the public, for the simple reason that it is known to him to be out of repair or in a defective condition. The duty is, however, imposed upon the traveler to use ordinary care to avoid the defect, and knowledge on his part that the street is out of repair is a circumstance to go to the jury in determining the question whether he did use such care. As a general rule such knowledge does not, in and of itself, constitute want of due care." *Cohn v. City of Kansas*, 108 Mo. 387.

In such cases all the surrounding circumstances ought to be shown so that the jury may determine, in the light thereof, whether the traveler exercised such care as an ordinarily prudent man would under like conditions. Hence it seems to us that the trial court should have permitted the defendant to prove the existence of another crossing near at hand, and which was reasonably accessible to the plaintiff's employee.

Judgment reversed and cause remanded. All concur.