JEANETTE WILSON, Respondent, v. CITY OF ST. JOSEPH, OWEN E. DIGAN AND JOHN KAL-LAUMER, Appellants.

Kansas City Court of Appeals, December 6, 1909.

1. PERSONAL INJURIES: Defective Streets: Objection to Intro duction of Evidence. Where a petition is *not* attacked until the trial, its allegations will be construed most favorably to the pleader, and if the existence of an elemental fact is not expressly stated but may be said to follow as a necessary implication from facts alleged, the petition will be pronounced sufficient to support a verdict.

2. ———: ———: ———. An objection to the introduction of evidence on the ground that the petition does not state a cause of action, no demurrer having been interposed, will only avail where no cause of action has been stated and not where a cause of action is defectively stated.

3. ———: ———: Instruction. An instruction which directs a verdict for plaintiff without requiring the jury to find that defendant had actual, or constructive knowledge of the defect in time to have repaired the place in the observance of reasonable care, is erroneous, unless the evidence is undisputed that the defect existed for a period so long that the court should find as a matter of law that the defendant had reasonable time in which to discover and repair the same.

Appeal from Buchanan Circuit Court.—*Hon. Lucian J. Eastin,* Judge.

REVERSED AND REMANDED.

*W. B. Norris* and *O. E. Shultz* for appellants.

(1) Plaintiff's instruction one, is erroneous for the following reasons: It does not require the jury to find that the defendant had notice of the defect for a sufficient length of time to enable the city to have a reasonable length of time in which to repair the same. It does not require the jury to find that the plaintiff had served a written notice upon the city within sixty days after

her injury, notifying the city of her injury, and that she would bring suit for the same. Ball v. Neosho, 109 Mo. App. 693; Badgley v. St. Louis, 149 Mo. 134; Young v. Webb City, 150 Mo. 333; Baustin v. Young, 152 Mo. 325; Ballard v. Kansas City, 126 Mo. App. 541. (2) Plaintiff's instruction three, is erroneous for the following reasons: Defendant's instruction tells the jury that the exercise of ordinary care did not require plaintiff to select the sidewalk that was safest to travel on, but that she had a right to infer that the walk was reasonably safe. This is not the law where plaintiff knew of the defect, and which law was so declared by the court's instruction thirteen, given on behalf of defendant. These two instructions conflict, and for that reason error was committed. This instruction purports to contain all the elements necessary for a verdict, and tells the jury to find for the plaintiff, if the washout was not protected by lights and guards, thus telling the jury as a matter of law that the washout made the street dangerous, and that it was the duty of the city to guard or protect it from the public. That question should have been submitted to the jury. Because it requires that defendant should have provided both lights and guards. Cowan v. City of Kansas, 108 Mo. 394; Baker v. Railway, 122 Mo. 550; Thumel v. Dukes, 82 Mo. App. 55; Stone v. Hunt, 94 Mo. 480; Frederick v. Allgair, 88 Mo. 603; Garber v. Kansas City, — Mo. App. 195; Jackson v. Kansas City, 106 Mo. App. 57; Fusili v. Railway, 45 Mo. App. 535; Weller v. Railway, 164 Mo. 180; Campbell v. Stanberry, 85 Mo. App. 159.

*Sidney S. Wilson* and *C. W. Meyer* for respondent.

(1) Plaintiff's instruction No. 1 is correct, because: 1. It properly declares the law; It should be taken in connection with plaintiff's instruction No. 2, which also covers the point appellants complain is omitted in instruction No. 1. Yocum v. Trenton, 20 Mo. App. 489. (2) The defect had existed long enough for it

to be presumed as a matter of law that the city had notice and time to remedy the defect. It is not necessary to embody all the elements of plaintiff's grounds for recovery in one instruction, especially when all the instructions, taken together, properly declare the law. Liese v. Meyer, 143 Mo. 560. (3) It was not obligatory on plaintiff to ask for an instruction covering the question of statutory notice, since: Plaintiff's evidence of the service of such a notice was not contradicted, the defense virtually admitting that such notice had been served. Bank v. Hatch, 98 Mo. 378; Stove Co. v. Sinclair, 10 Mo. App. 593. (4) If defendant wished an instruction on this point it should have asked it. Construction Co. v. Railroad, 71 Mo. App. 629; Hooper v. Railway, 125 Mo. App. 332; Tyler v. Larimore, 19 Mo. App. 458. (5) Plaintiff's petition states a cause of action, and defendant's objection to the introduction of evidence was properly overruled. Hurst v. Ash Grove, 96 Mo. 172 (and authorities there cited).

JOHNSON, J.—Plaintiff sued the city of St. Joseph, a city of the second class, to recover damages for personal injuries alleged to have been caused by the negligence of defendant in failing to maintain one of its public streets in proper repair. Verdict and judgment were for plaintiff and the cause is here on the appeal of defendant.

The injury occurred about ten o'clock p. m. October 31, 1908, on Edmond street between Twentieth and twenty-first streets. Accompanied by two of her children, plaintiff, on her way home, was walking eastward on the sidewalk space on the south side of Edmond street, when she stepped into a hole, fell and received the injuries of which she complains. The street was not paved but had been graded during the summer. The sidewalk space had been graded at the same time but the sidewalk had not been laid and two holes had been formed by erosion in the sidewalk space about the mid-

dle of the block and within the intersection of the alley with the street. These holes were close together and each was about eighteen inches deep. Plaintiff states she was not aware of these defects and did not discover them because of the darkness. She thinks she fell into the west one of these holes but is not positive about this fact. In falling, one of her hands struck against the iron top of a sewer inlet near the west hole and was injured.

The petition alleges "that some time prior to the 31st day of October, 1908, two large holes formed in said Edmond street, said holes being located on the south side of Edmond street, between Twentieth and Twenty-first streets, about the middle of the sidewalk space immediately in front of the entrance to the alley opening upon the south side of Edmond street between Twentieth and Twenty-first streets. That both of said holes were large and deep, likely to catch the feet of passing pedestrians, causing such pedestrians to stumble and fall, all of which facts were well known to the defendants herein, or might have been well known to them by the exercise of reasonable care and caution on their part, but plaintiff alleges that defendants carelessly and negligently allowed said holes to remain in an open and dangerous condition.

"Plaintiff further states . . . she stepped into one of the holes which defendants had carelessly and negligently suffered to remain in said street, and fell to the bottom of said hole, striking her hands and body against the bottom and sides of said hole, and against the ground and against the iron top of a sewer inlet adjacent to said holes."

The petition was not assailed by demurrer or motion but at the trial defendant objected to the introduction of evidence on the ground that no cause of action is stated and the point is made here that the petition is defective for the reason that it omits the necessary averment of the fact that defendant had actual or construc-

tive notice of the defect in time to have repaired it had reasonable care been exercised. Had this objection been raised by demurrer or motion to make more definite and certain, it would be meritorious, but it was offered too late. Where the petition is not attacked until the trial, the rule is to construe its allegations most favorably to the pleader, and if the existence of an elemental fact is not expressly stated but may be said to follow as a necessary implication from facts alleged, the petition should not be pronounced insufficient to support a verdict.

The reason of the rule is obvious. On demurrer to the petition, the defendant has the right to require the express averment of each constitutive fact in order that he may not be put to unnecessary trouble and expense or be misled to his detriment in any way, but where he fails to attack the petition and answers to the merits, he confesses that a cause of action is stated and should not be permitted to hold in reserve objections of a technical or formal nature. Such practice not only would be unfair to the plaintiff, but if allowed, would cause the trial courts to consume unnecessary time. "An objection can only be interposed at the trial, where the petition fails altogether to state any cause of action, and not to the case where a cause of action is defectively stated." [Hurst v. City, 96 Mo. 168.] We regard the statement of the cause before us as merely defective and hold that the defect was cured by answer.

Further point is made that the petition does not sufficiently aver the giving of the notice required by section 5724, Revised Statutes 1899. It is alleged "that on the 28th day of November, 1908, she did have served on the city of St. Joseph, and on the mayor of said city of Saint Joseph a notice, advising said mayor and city of her injury, stating the place where and the time when such injury was received, and the character and circum-

stances of the injury, and that she intended to claim damages therefor from the city of St. Joseph."

This is not a statement of conclusions of law but of constitutive facts. It did not devolve on plaintiff, nor would it have been good pleading to encumber the petition with a recital of the details of the notice. Defendant was advised that plaintiff intended to prove a notice had been served that embraced all of the constitutive facts alleged. This was full compliance with the rules of good pleading. We find the petition to be sufficient.

The notice which the evidence of plaintiff shows was served on the city was as follows: "Janetta Wilson, of lawful age, being first duly sworn, upon her oath states: That on the 31st day of October, 1908, about 10 o'clock p. m., she was injured while walking along the sidewalk on the south side of Edmond street between Twentieth and Twenty-first streets in the city of St. Joseph, Missouri. That her injuries were caused by her stepping into a hole in said sidewalk, said hole being about the center of the sidewalk between twentieth and Twenty-first streets as aforesaid, about the middle of said block, near where the intersection of the alley occurs. That she was unable to see said hole, and so stepped therein, and in so doing fell to the bottom of the hole, striking her body against the edge of the hole and against the ground, and striking some parts of it against the iron top of a sewer inlet adjacent to said hole. That the fall into said hole and striking against the ground and sewer inlet as aforesaid, caused an injury to her spine, kidneys, head and broke several of her ribs, cut and bruised her hands, sprained her ankle, wrenched and bruised the muscles of her back, limbs and body, and caused a severe shock to her nervous system, from all of which she still suffers. And affiant further states that she intends to claim damages from the city of St. Joseph because of said injuries."

The principal objection to this notice is extremely hypercritical. It is urged that the notice describes the

hole as being *near* the alley intersection while all the
evidence discloses that it was *within* the intersection.
There was but one sewer inlet in that vicinity and the
notice states and the evidence shows it was close enough
to the hole for plaintiff to strike it with her hand when
she fell into the hole. We do not perceive how it was
even possible for defendant to be misled. Whether the
hole was on one side or the other of an imaginary line,
its location was accurately shown by the sewer inlet and
it would be idle to say that defendant might have been
deceived. [Canter v. City of St. Joseph, 126 Mo. App.
629.] The notice was sufficient.

The first three instructions given the jury at the re-
quest of plaintiff are as follows:

"1. The court instructs the jury that it is by law
made the duty of defendant city to keep its sidewalks
upon the streets in a reasonably safe condition for the
use of pedestrians using the same for travel, and if you
shall believe from the evidence that the defendant city
permitted its sidewalk on the street and at the place
on said street mentioned in plaintiff's petition to become
out of repair and in a dangerous condition for travel,
and to so remain in a dangerous condition and out of
repair after it knew, or by the exercise of reasonable
care and caution could have ascertained the defective
and dangerous condition of said sidewalk; and that the
plaintiff while passing along said sidewalk, at the place
mentioned in plaintiff's petition, was, on account of
said defective and dangerous condition of said sidewalk,
without fault or negligence on her part, injured thereby,
your verdict should be for the plaintiff.

2. The court instructs the jury that when the side-
walk of a city is out of repair, and the defect has exis-
ted for such a length of time as by reasonable diligence
in the performance of their duties, the defect ought to
have been known by the corporate authorities, then no-
tice will be presumed, and proof of actual knowledge
on the part of the city will not be necessary to render

the city liable for injuries sustained by a person in consequence of the defective condition of the sidewalk, if the person injured was using reasonable care in traveling upon such sidewalk.

3. The court instructs the jury that the plaintiff, in the exercise of ordinary care, was not bound to select the sidewalk that was safest to travel upon, but that she had a right to infer and believe that the sidewalk upon which she was injured was reasonably safe.

If they believe from the evidence that no lights were provided, and no guards were up at the time the injury occurred, to warn plaintiff of the danger of falling into the holes in said sidewalk, and that the plaintiff was using ordinary care at the time she fell into the hole and was injured, and had no knowledge at the time of the existence of said cut or excavation in the sidewalk, then you will find for the plaintiff.

The first instruction is erroneous in one particular. It directs a verdict for plaintiff without requiring the jury to find that the defendant had actual or constructive knowledge of the defect in time to have repaired the place had defendant been in the observance of reasonable care. It has been held repeatedly that this fact is constitutive of the cause of action in such cases and it should be embraced in the hypothesis of an instruction that assumes to cover the whole case and directs a verdict. Its omission from such an instruction will be deemed harmless error only in cases where the undisputed evidence shows the defect existed for a period so long that the court should find as a matter of law that the city had a reasonable time in which to discover and repair the defect. [Ballard v. City, 126 Mo. App. 541; Ball v. Neosho, 109 Mo. App. 683; Richardson v. City, 73 Mo. App. 360; Maus v. City, 101 Mo. 613; Plummer v. City, 79 Mo. App. 439.]

No curative effect can be accorded the second instruction since the same omission is found therein. One of the witnesses for plaintiff testified that he had noticed

the hole eight days before the injury, another first observed it two days before, while a witness for defendant who lived near the place had not seen it before the injury. We think the issue of negligence was one of fact for the jury, and that the omission amounted to a positive misdirection. Moreover, added effect was given this error by the third instruction which also covered the whole case and directed a verdict. There, in effect, the court assumed the negligence of defendant to be an established fact and directed a verdict on the hypothesis that defendant had failed to provide street lights or barriers around the hole. Clearly this assumption was error and, further, it was error to predicate a recovery on the absence of lights or barriers since the only negligence pleaded in the petition was the failure to discover and repair the defect in the sidewalk within a reasonable time. A plaintiff cannot be suffered to plead one cause of action and to recover on another and different cause. This error likewise was highly prejudicial since the evidence of plaintiff was to the effect that the street light in that vicinity was not burning and that the hole was unguarded.

For the errors noted, the judgment is reversed and the cause remanded. All concur.