S. C. HAYS, Respondent, v. THE ESTATE OF CYNTHIA E. MILLER, Deceased, Appellant.

Springfield Court of Appeals, March 12, 1915.

1. PLEADINGS: Challenging Sufficiency of: Objecting to Evidence: Not Proper Method. The method of challenging the sufficiency of pleadings by objecting to the introduction of evidence thereunder is not favored and only such objections as are absolutely fatal to the pleadings will be allowed in this way.

2. ————: ————: ————: Inferences. Where an objection to the introduction of evidence is made on the ground that the petition is not sufficient, the allegations will be construed most favorably to the plaintiff and every fair inference will be drawn in plaintiff's favor.

3. ————: ————: Not to be Made Except When. A petition is not to be subjected to the objection that it is insufficient unless such petition would be fatally defective after verdict.

4. ————: Inferences: Suit for "Board and Nursing." Where demand was filed against the estate of the deceased for "board and nursing" it is only a fair and reasonable inference that it was for the board and nursing of the deceased.

5. ————: Objections: Sufficiency: Express Aider. Plaintiff filed a demand against the estate of deceased in probate court for "board and nursing." An answer and counterclaim were filed by defendant for services rendered plaintiff by deceased. No objection was raised to pleadings. An objection in the ap-

pellate court that the demand did not set out that the services were for the "board and nursing" of the deceased is not tenable, as the counterclaim and answer were an express aider.

6. **EXECUTORS AND ADMINISTRATORS: Claims Against Estate: Sufficiency of Pleading.** The strict rules of pleading governing practice in the circuit court are not required in cases originating in the probate court. If the statement shows the nature of the claim so that the administrator or executor may know what he has to defend against, it is sufficient.

7. **PLEADINGS: Verification: Clerical Error.** A claim was filed against the estate of a deceased person. The verification gave the maiden name "Hays" instead of her name by marriage, "Miller." It being evident that the mistake was merely clerical, it was not fatal to the verification.

8. **——: Claims Against Estate: Running Accounts: Limitations.** Where services rendered deceased in the way of "board and nursing" were to be paid at the end of the services or after the death of deceased, this fact makes the claim a running account and if the last item is not barred by limitation, none of the account is barred.

9. **TRIALS: Remarks of Counsel: When Not Prejudicial.** Certain remarks made by counsel in retaliation concerning personal interest of the administrator set out and considered not prejudicial error, there being no question of excessive verdict.

Appeal from Polk County Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Rechow & Pufahl* for appellants.

(1) The objection to the introduction of any evidence should have been sustained. The statement is not sufficient. It nowhere appears whether the charge was intended to be for board and nursing the deceased or some other person; nor can it be determined, except by conjecture, what amount is claimed; "at twenty dollars per year, $260," is absolutely meaningless. Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Watkins v. Donnelly, 88 Mo. 322; Hill v. St. Louis, Ore & Steele Co., 90 Mo. 103, 106; Seligman v.

Rogers, 113 Mo. 642, 660; Coggett v. Blanke, 70 Mo. App. 499; McCrary v. Good, 74 Mo. App. 425; Moffett, West Drug Co. v. Johnson, 80 Mo. App. 428; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Moffett, West Drug Co. v. Crider, 124 Mo. App. 109. (2) The affidavit attached to the claim is not sufficient; it read as follows: "S. C. Hays being duly sworn according to law, says that to the best of his knowledge and belief, he has given credit to the estate of Cynthia E. Hays. Rev. Statutes 1909, section 201; Peter v. King, 13 Mo. 143; Jenkins v. Morrow, 131 Mo. App. 288, 297. (3) The demurrer to the evidence should have been sustained. (a) As between brother and sister where they live together, the law presumes that the services, (if any were rendered by the claimant S. C. Hays, of which there is no testimony) were rendered gratuitously. (b) There is not a particle of testimony in the record that S. C. Hays ever intended to charge for his services or for board. Smith v. Meyers, 19 Mo. 433, 435; Morris v. Barnes' Adm., 35 Mo. 412; Steele v. Steele, 161 Mo. 566; Callahan v. Riggins, 43 Mo. App. 130; Louder v. Hart, 52 Mo. App. 377; Castle v. Edwards, 63 Mo. App. 564; Lawrence v. Bailey, 84 Mo. App. 107; Rose v. Mays, 139 Mo. App. 246; Fitzpatrick v. Dooley, 112 Mo. App. 165, 171; Brand v. Ray, 156 Mo. App. 622; Mabary v. Mabary, 173 Mo. App. 437; Cowley v. Dagley, 174 Mo. App. 561; McGrath v. O'Hare, 175 Mo. App. 9; Hodge v. Hodge's Adm., 11 L. R. A. (N. S.) 873. (4) There was not a "running account" between the parties as will postpone the running of the Statute of Limitations as to any items more than five years old at the time of the death of Mrs. Miller. Harrison v. Hall, 8 Mo. App. 167; Macke v. Davis, 61 Mo. App. 524; Mabary v. Mabary, 173 Mo. App. 437, 448; McGrath v. O'Hare, 175 Mo. App. 9, 16; Sidway v. Mo. Land & Live Stock Co., 187 Mo. 649, 669.

*L. Cunningham* and *B. J. Emerson* for respondent.

(1) The court properly overruled defendant's objection to the introduction of any evidence. If the demand was indefinite, defendant's remedy was by motion to require plaintiff to make it more definite and certain. Britain v. Fender, 116 Mo. App. 93; Garnett & Allen Paper Co. v. Midland Publishing Co., 156 Mo. App. 187. (2) Defendants filed answer and counterclaim and waived the defect if any existed. Ewing v. Vernon Co., 216 Mo. 681; In re Ford, 15 Mo. App. 153. (3) The courts do not favor the practice of challenging the sufficiency of pleadings by oral objection to the introduction of evidence and it will avail nothing after verdict unless the petition be fatally defective. Every intendment is to be taken in favor of the petition in such cases. Porter v. Illinois Southern Ry. Co., 137 Mo. App. 293; Wilson v. City of St. Joseph, 139 Mo. App. 557; Patterson v. Traction Co., 178 Mo. App. 250; Downs v. Andrews, 145 Mo. App. 173; Wilkinson v. Misner, 158 Mo. App. 551. (4) No formal pleadings are required in probate court and all that is required is that the statement show the nature of the claim so that the administrators know what they are required to defend against. Christainson v. McDermott Estate, 123 Mo. App. 455. (5) A defective statement of a cause of action is good after verdict. Norman v. Sheip, 142 Mo. App. 138; W. W. Brown Const. Co. v. McArthur Bros. Co., 236 Mo. 41; Wyler v Ratican, 150 Mo. App. 474; Parker v. United Rys. Co., 154 Mo. App. 126; Summers v. Keller, 152 Mo. App. 626. (6) The common-law rule of "express aider" obtains in this State under which a material omission in plaintiff's petition is corrected if defendant puts the matter in issue by answer. In this case defendant filed an answer and counterclaim. McIntyre v. Federal Life Ins. Co., 142 Mo. App. 256. (7)

The affidavit to the plaintiff's demand contains every essential averment and the name "Cynthia E. Hays" may be rejected as surplusage. It is sufficient if substantial requirements of the statute be met. R. S. 1909, sec. 201; Waltemar v. Schnick's Estate, 102 Mo. App. 133. (8) The demurrer to the evidence was properly overruled. There is so little merit in the contention of appellant that there is no evidence of services rendered deceased by respondent that it is only necessary to ask the court to consider the evidence and remember that the services rendered by plaintiff's children, his wife and his employees were in law rendered by him. The services rendered by his wife were not of such a character as would come under her separate earnings. Lambert v. Hodgdon, 172 Mo. App. 24; Bruce v. United Railways Co., 175 Mo. App. 568.

STURGIS, J.—This suit originated in the probate court of Polk county, Missouri. Plaintiff there filed the following claim:

"DEMAND AGAINST ESTATE.

The Estate of Syntha E. Miller, Deceased,
        To S. C. Hays, Dr.

| 1900 | | Dollars | Cts. |
|---|---|---|---|
| To Board and nursing from April, 1900, until the 3rd day of July, 1913, at $20 per year .......... | | 260 | 00" |

To this is appended the affidavit of the claimant, in usual form, to the effect that he has given credit to the estate of Cynthia E. Hays, deceased, for all payments and offsets to which it is entitled. The defendant administrators appeared in the probate court and filed an answer and counterclaim founded on an account for labor performed by the deceased for plaintiff during the same period. A jury trial was then had in the probate court, resulting in a judgment for plain-

tiff. On appeal to the circuit court the cause came on for trial on the same pleadings and with the same result and on the first witness being sworn the defendant objected to the introduction of any evidence for the reason the petition fails to state facts sufficient to constitute a cause of action. This is the first error assigned for our review.

It should be again noted that the method of challenging the sufficiency of pleadings by objecting to the introduction of evidence thereunder is not in favor with our courts. The pleadings should be settled before going to trial and to this end any objection thereto should be presented by demurrer or proper motion in order that the court may rule on same, permit amendments to be made, etc., before the trial. Only such objections as are necessarily and absolutely fatal to the pleadings will be allowed in this way. [Porter v. Railroad, 137 Mo. App. 293, 296, 117 S. W. 680; Wilson v. St. Joseph, 139 Mo. App. 557, 561, 123 S. W. 504; Patterson v. Traction Co., 178 Mo. App. 250, 256, 163 S. W. 955; Downs v. Andrews, 145 Mo. App. 173, 130 S. W. 472; State ex rel. v. Delaney, 122 Mo. App. 239, 99 S. W. 1; Haseltine v. Smith, 154 Mo. 404, 55 S. W. 633. Such an objection does not cover a case where a cause of action is only defectively stated, but the allegations must be construed most favorably to plaintiff and every fair inference drawn therefrom in plaintiff's favor. [Wilson v. St. Joseph, supra.] The petition is not subject to such an objection unless it would be fatally defective after verdict. [Porter v. Railroad, supra; Wilkinson v. Misner, 158 Mo. App. 551, 555, 138 S. W. 931.]

The prime object of a petition or statement is to inform the defendant of the nature of plaintiff's claim that he may prepare to meet it and that a judgment thereon will be a bar to any further suit on the same claim. The specific objection now made is that this statement does not show that the "board and nursing"

charged for was the board and nursing *of the deceased.* We think, however, that this is the fair inference from the fact of claimant charging her estate therefor. As one person does not usually pay for the board of another and such would require a special contract, the natural inference is that a bill for board and nursing against a person is for the board and nursing of such person. Besides this, the defendant filed an answer and counterclaim in the probate court and the case was tried there without objection and possibly without discovery that the claim was not sufficient. This answer and counterclaim for services rendered by the deceased to plaintiff during the same period of time he was boarding and caring for her was an "express aider." [McIntyre v. Insurance Company, 142 Mo. App. 256, 265, 126 S. W. 227.] Such trial in the probate court must necessarily have disclosed the full nature of plaintiff's claim and defendant could not have been kept in ignorance of same or been in any way prejudiced thereby. As stated in Christianson v. McDermott's Estate, 123 Mo. App. l. c. 455, 100 S. W. 63: "It sufficiently appears that plaintiff's demand is for services rendered by plaintiff for the deceased for certain years, upon an implied obligation. The strict rules of pleading governing practice in the circuit courts are not required in cases originating in probate courts. All that is required is that the statement shall show the nature of the claim so that the administrator or executor may know what he has to defend against."

We have noted the many cases which diligence of defendant's counsel has collected, but space forbids our citing and distinguishing same; though we are not inclined to be as technical as courts have been at times. If we are to reverse cases for *prejudicial* error only, we must overrule this point.

Objection is also made that the verification of the claim states that just credit has been allowed the es-

tate of Cyntha E. *Hays* instead of *Miller*. The deceased was the sister of the claimant Hayes and her name of Miller was acquired by a previous marriage. It is evident that the writing of the name was a clerical error. While the verification is jurisdictional, we do not think this error destroyed this otherwise good verification. It is hardly necessary to invoke the rule that the court would presume a proper verbal verification. [Waltemar v. Schnick's Estate, 102 Mo. App. 133, 76 S. W. 1053; Undertaking Co. v. Jones, 134 Mo. App. 101, 106, 114 S. W. 1049.]

We think there was ample evidence to sustain the verdict rendered in the circuit court for $260, the amount asked. The defendant says that the amount asked is so small for the amount of services claimed as to discredit its good faith. This is explained, however, by the fact that the estate of the deceased is so small that a larger amount could not be paid. The evidence shows that deceased in 1900, then a widow and quite old, came to claimant, her brother, who was then living on a farm, and with tears asked for a home and place to live. She represented, and this is not disputed, that her sons, her only children, had refused her a home and virtually turned her out in the world with no place to go to. She was given a home and allowed to live with her brother, this claimant, until her death in 1913. During this time she was not only feeble with age, but a cripple and in bad health. According to plaintiff's evidence she did but little work and only as she chose to do so. She was boarded and cared for by plaintiff with the aid of members of his family and hired help. Her sons, though having homes in the neighborhood, did not visit her or give her any assistance or help.

Several witnesses testified that the deceased had said, particularly during her last illness, that she wanted and intended for the claimant to be well paid for taking care of and boarding her. One witness

testified that she told him she wanted claimant well paid for it if he kept her until she died and took care of her; that she wanted him well paid and to have what she had except the household goods and furniture which she wanted her children to have; that she wanted claimant paid first. Another witness testified that deceased said that claimant had been kinder to her than her own family and that she wanted him paid for it; that she said this in April or May, 1913, and spoke the same way when witness was boarding at claimant's house some nine years previous. Another witness testified that the deceased said that she wanted claimant paid the first thing, if she should happen to drop off, for taking care of her and that she wanted her doctor bill and funeral expenses paid and the balance divided up equally among her children. The evidence shows that the estate of the deceased had been considerably larger at one time. Other witnesses testified that deceased told them of having *told the claimant* that she would pay him for caring for her. This evidence certainly made a case for the jury. In Hyde v. Honiter, 175 Mo. App. 583, 158 S. W. 83, the court, after saying: ''The general tenor of this testimony was to the effect that deceased expected the plaintiff to be paid out of the property of deceased after the latter's death,'' and ''There was testimony, not of one witness, but of several, to the effect that the deceased had upon numerous occasions declared that she intended or expected plaintiff to be well paid for what she did; and, on the other hand, there was testimony that plaintiff rendered the services in expectation of being paid for them. This is substantial evidence to take the question to the jury, the latter being the sole judges of its weight and of the credibility of the witnesses,'' further said: ''The evidence shows that the deceased expected plaintiff to be *paid* for her services; the statements in question carry with them the idea of *compensation* for services rendered, not of

bestowing a mere bounty. On the other hand, there was evidence that plaintiff expected compensation for what she did. This being the case, it cannot matter that the services were not to be paid for until after the death of the deceased, and out of the property left by her, if such was the case. The real question is whether it was the mutual understanding and intention of the parties that plaintiff's services were to be paid for. [See Christianson v. McDermott Estate, 123 Mo. App. 448, 100 S. W. 63; Hartley v. Estate of Hartley, supra.] And we think the evidence touching this question was such as to make it a matter for the consideration of the jury.'' To the same effect is Bowman v. Shelton, 175 Mo. App. 696, 158 S. W. 404.

It is not conclusive from the evidence that deceased was a member of the claimant's family so as to raise the presumption that his services in caring for her were gratuitous. [Birch v. Birch, 112 Mo. App. 157, 86 S. W. 1106.] In case the jury so found from the evidence, it was then required by the instructions given, in order to find for plaintiff, to find that there was a contract, express or implied, to pay for the services, that is, a meeting of the minds of the parties that such services were to be charged for by the one and paid for by the other.

The cases of Bowman v. Shelton, and Hyde v. Honiter, supra, are conclusive against defendant's contention that all services sued for which were rendered more than five years prior to the filing of this claim are barred by limitation. The evidence here shows that the payment for the services was to be deferred and all of same paid for at the end of the service or after the death of the deceased. This fact makes it a running account and if the last item is not barred by limitation none of the account is barred.

The last assignment of error relates to improper remarks by plaintiff's attorney in his argument to the

jury.  The sons of the deceased were the administrators of her estate.  Said attorney used strong language in commenting on the action of these sons in refusing to take care of their mother and in not even visiting her, though living in the same neighborhood, and then said: "Aren't these three Miller boys the heirs, and don't they get this estate, and doesn't it go to them?  Aren't they here, fighting this case, because they know that if they can beat this old man out of his claim that they will get the money."  It is shown, however, that these remarks were made in retaliation for defendant's counsel having argued to the jury that the administrators were fighting the case as a matter of duty and had no personal interest in the case.  Yost v. Railroad, 245 Mo. 219, 251, 149 S. W. 577.]  This is not a case where the jury could have been influenced by passion or prejudice to give an excessive verdict. We are not inclined to hold that the jury were swayed from correctly deciding the issues of fact.

The result is that the judgment will be affirmed. *Robertson, P. J.,* and *Farrington, J.,* concur.